IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS ROBLES, | : | |
|     Plaintiff | : | 1:10-cv-2663 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| J.J. CASEY, et al., | : | |
|     Defendants | : | |

## MEMORANDUM

Before the Court is Magistrate Judge Blewitt's Report and Recommendation that Plaintiff Carlos Robles's complaint be dismissed in part pursuant to the screening requirements of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e). (Doc. No. 6.) Judge Blewitt further recommends that Defendants' motion to dismiss Plaintiff's complaint be denied as premature. (Id.) Plaintiff has filed objections to the Report and Recommendation (Doc. No. 7) and a motion for extension of time to respond to Defendants' motion to dismiss (Doc. No. 8).

**I.     BACKGROUND**

The above captioned action arises from an injury sustained by Plaintiff while incarcerated at the State Correctional Institution at Dallas ("SCI-Dallas"). (Doc. No. 1-1 ¶¶ 10-13.) On July 25, 2010, Defendant Casey instructed Plaintiff to clean the kitchen area at SCI-Dallas using hazardous chemicals. (Id. ¶ 11-12.) While cleaning the kitchen, the cleaning agent came in contact with Plaintiff's eye causing severe burning. (Id. ¶ 13.) Plaintiff ultimately suffered vision loss in his eye as a result of the incident and the subsequent medical treatment. (Id. ¶¶ 14-21.)

Following his injuries, Plaintiff filed a grievance alleging that prison staff failed to

1

provide him with protective goggles and gloves or training prior to Defendant Casey ordering him to clean the kitchen. (Id. ¶¶ 22-24.) Plaintiff alleges that Defendant Lucas assigned Defendant Sowga to conduct the investigation regarding Plaintiff's grievance even though Defendant Lucas knew Defendant Sowga was the staff member who failed to train inmates in the kitchen area. (Id. ¶ 25.) Plaintiff claims Defendant Sowga instructed the kitchen staff to circulate forms to the inmates who worked in the kitchen falsely verifying that they had received safety training. (Id. ¶ 27.) Following Defendant Sowga's investigation, Defendant Lucas denied Plaintiff's grievance on the grounds that the investigation revealed that Plaintiff had been trained. (Id. ¶ 29.) Plaintiff appealed, and Defendant Walsh denied the appeal. (Id. ¶¶ 31-32.) Plaintiff then appealed to Defendant Varner, who also denied his appeal. (Id. ¶ 33.)

Plaintiff then filed a complaint in the Court of Common Pleas of Luzerne County, Pennsylvania. (Id.) The complaint raises claims sounding in negligence and violations of his rights under the United States Constitution. (Id.) Notably, the complaint does not raise any allegations against Defendants Davis and Jones, SCI-Dallas's kitchen manager and assistant manager. (Id.) Defendants filed notice of removal on December 29, 2010. (Doc. No. 1.) On January 5, 2011, Defendants filed a motion to dismiss and brief in support. (Doc. Nos. 4, 5.) Magistrate Judge Blewitt issued his Report and Recommendation on January 7, 2011. (Doc. No. 6.) Plaintiff filed his objections on January, 21, 2011.[1] (Doc. No. 7.)

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b) provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

2

**II.    DISCUSSION**[2]

Plaintiff does not challenge Judge Blewitt's conclusions regarding any potential Eighth Amendment denial of medical care claims, his Fourteenth Amendment Equal Protection claims, or his claims for monetary damages against Defendants in their official capacities. Therefore, the Court will adopt these recommendations and dismiss these claims without further analysis. Plaintiff does raise two objections to Judge Blewitt's Report and Recommendation. First, he claims that his "conditions of confinement" claim should survive because he "set forth claims that each defendant knew about the hazardous conditions complained of and acquiesced to their existence." (Doc. No. 7 at 4.) Second, he claims that he has properly pleaded a claim of supervisory liability. (Id. at 7-8.) The Court will consider these matters in turn.

    **A.     Conditions of Confinement Claim**

To state a "conditions of confinement" claim pursuant to the Eighth Amendment, a plaintiff must demonstrate that the conditions of his confinement pose "a substantial risk of harm" to his health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). In addition, the

---

[2] Initially, the Court notes that the Report and Recommendation evaluates Plaintiff's claims pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2). In the present action, Plaintiff has not filed for in forma pauperis status in federal court because under 28 U.S.C. § 1914(a), Defendant must pay the filing fee in a removal action. Plaintiff only applied for in forma pauperis status in the Court of Common Pleas of Luzerne County. (Doc. No. 1-1 at 12-14.) As such, 28 U.S.C. § 1915 is not directly applicable to the present action. However, pursuant to 28 U.S.C. § 1915A the Court must dismiss any civil action filed by a prisoner against a governmental entity or officer or employee of a governmental entity where the complaint fails to state a claim or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; see also Vega v. Kyler, 90 Fed. Appx. 437; No. 03-1936, slip op. at 3 n.2 (3d Cir. 2004); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998). Because the standard applied in reviewing whether the prisoner has failed to state a claim under Sections 1915 and 1915A are identical, see Brown v. Kelsey, No. 04-316, 2005 U.S. Dist. LEXIS 7345, at *3 (D. Del. Apr. 27, 2005) (applying the 12(b)(6) standard of review), the Court's analysis need not differ materially from Judge Blewitt's report.

plaintiff must show that the prison official responsible acted with a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 298 (1991). Although Plaintiff raises some allegations in his objections to the Report and Recommendation regarding the Defendants' culpability in creating an unsafe prison environment (Doc. No. 7 at 4-5), Plaintiff's complaint is entirely silent as to any Defendants' involvement with these claims. Therefore, the Court will adopt Judge Blewitt's recommendation that the conditions of confinement claim be dismissed as to all Defendants.

      **B.**     **Supervisory Liability Claims**

Claims brought pursuant to 42 U.S.C. § 1983 alleging a violation of constitutional rights cannot be premised on a respondeat superior theory. Evancho v. Fisher, 432 F.3d 347, 353 (3d Cir. 2005). Rather, the complaint must allege the personal involvement of each named defendant in the events underlying the claim. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009). A review of Plaintiff's complaint will find no allegations regarding Plaintiff's injuries as to nearly all Defendants. (Doc. No. 1-1.) Indeed, Plaintiff fails to make any allegations of any kind regarding Defendants Davis and Jones with the exception of identifying their respective employment statuses. (Id.) Moreover, even if this Court were to assume that Defendant Casey violated Plaintiff's constitutional rights by failing to issue warnings or safety equipment, there is no allegation in Plaintiff's complaint that any other Defendant directed Casey to do so and there is no allegation of a causal connection between any such direction and the violation. See Santiago v. Warminster Twp., No. 10-1294, 2010 U.S. App. LEXIS 25414, at *17 (3d Cir. Dec. 14, 2010) (explaining the requirements of a supervisory liability claim). Moreover, the cases relied upon by Plaintiff for the proposition that a response to a grievance can constitute a violation where

4

there is an allegation of ongoing harm, see, e.g., Harnett v. Barr, 538 F. Supp. 2d 511 (N.D.N.Y. 2008), are inapposite because the complaint does not allege that Plaintiff filed a grievance regarding a continuing violation. Rather, Plaintiff's complaint merely alleges that he filed a grievance claiming that the chemical he used should be used only with protective goggles and gloves, that he was not trained in the use of the chemical, and that he was not "issued protective gear." (Doc. No. 1-1 ¶¶ 23-25.) That is, Plaintiff's grievance only reported violations that had occurred in the past, not violations that were ongoing which Defendants could have remedied. Therefore, Plaintiff has failed to state a claim based on supervisory liability.

### III. CONCLUSION

Plaintiff raises a number of issues in his complaint that could potentially give rise to a cause of action. However, Plaintiff fails to clearly articulate a connection between his injury and the Defendants in the present action. For example, to the extent that his injuries may have been the result of denial of medical treatment that violated Plaintiff's Eighth Amendment rights, the complaint is silent as to who is responsible for these failings. Plaintiff does not make allegations regarding who stopped the doctors at Wilkes Barre General Hospital from treating him, who was responsible for failing to have an eye doctor examine Plaintiff when he returned to SCI-Dallas, who was responsible for failing to inform the doctor who performed his cataracts surgery that he had suffered burns, or the extent to which the failure to alert the eye doctor to his cataracts surgery of his recent injury is responsible for any vision loss or other injury. Similarly, his claims against those charged with investigating his grievance are unclear as to the investigators' personal involvement in causing Plaintiff's injuries or impeding the resolution of any potential ongoing constitutional violation. In sum, Plaintiff has failed to state a claim against nearly all

5

Defendants in his current complaint. However, the Court is not convinced that permitting Plaintiff to file an amended complaint in this matter would be futile.[3] Therefore, because Plaintiff may successfully state a claim if he files a complaint that more clearly articulates a connection between his injuries and the actions of named Defendants, the Court will grant Plaintiff leave to file an amended complaint.

---

[3] The Third Circuit Court of Appeals requires that district courts allow plaintiffs in civil rights cases leave to amend their complaints prior to dismissal, unless doing so would be inequitable or futile. Fletcher-Harlee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 252-53 (3d Cir. 2007).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS ROBLES, | : | |
|     Plaintiff | : | 1:10-cv-2663 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| J.J. CASEY, et al., | : | |
|     Defendants | : | |

## ORDER

**ACCORDINGLY**, on this 3rd day of February 2011, **IT IS HEREBY ORDERED**

**THAT** the Report and Recommendation (Doc. No. 6) is adopted as follows:

1. Any claims for monetary damages against all named Defendants in their official capacities are **DISMISSED WITH PREJUDICE**;

2. Plaintiff's Fourteenth Amendment Equal Protection claims against all named Defendants are **DISMISSED WITH PREJUDICE**;

3. Any Eighth Amendment denial of proper medical care claims against all named Defendants are **DISMISSED WITHOUT PREJUDICE**;

4. Plaintiff's Eighth Amendment conditions of confinement claims are against all named Defendants are **DISMISSED WITHOUT PREJUDICE**;

5. All claims against Defendants Davis, Jones, Lucas, Sowga, Walsh, and Varner are **DISMISSED WITHOUT PREJUDICE**;

6. Plaintiff's Eighth Amendment state-created danger claim **SHALL BE** permitted to proceed against Defendant Casey;

7. Plaintiff **SHALL BE** given leave to file an amended complaint within ten days of the date of this order;

8. Because Plaintiff has been granted leave to file an amended complaint, Defendants' motion to dismiss (Doc. No. 4) is **DENIED** as moot. Defendants may renew the motion to dismiss if Plaintiff fails to file an amended complaint or if the amended complaint fails to state a claim.

9. Plaintiff's motion for an extension of time to respond to Defendants' motion to dismiss (Doc. No. 8) is **DENIED** as moot.

10. The above captioned action **SHALL BE** referred to Magistrate Judge Blewitt for pre-trial management.

        S/ Yvette Kane
        Yvette Kane, Chief Judge
        United States District Court
        Middle District of Pennsylvania