## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARLOS ROBLES,** | : | |
| **Plaintiff** | : | **1:10-cv-2663** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **J.J. CASEY, <u>et</u> <u>al.</u>,** | : | |
| **Defendants** | : | |

### **MEMORANDUM**

Pursuant to 28 U.S.C. § 1915A, the courts must conduct screening of complaints filed by prisoners against a government entity or official. Magistrate Judge Blewitt conducted the screening of Plaintiff's amended complaint and issued a report and recommendation recommending that the complaint be dismissed in part. (Doc. No. 20.) The parties fully briefed the issues, and the matter is now properly before the Court. For the reasons stated more fully herein, the Court will adopt Magistrate Judge Blewitt's report and recommendation in part.

## I.    BACKGROUND

Plaintiff, an inmate at the State Correctional Institution at Dallas, filed a complaint against various prison officials raising Eighth Amendment claims pursuant to 42 U.S.C. § 1983. Plaintiff's original complaint was confined to injuries suffered by Plaintiff when, on the direction of prison staff, he was cleaning the prison kitchen and the chemical cleaner splashed into his eyes causing severe burning. This Court dismissed the complaint in part, but granted Plaintiff leave to amend. In Plaintiff's amended complaint he adds conditions of confinement claims and denial of medical care claims. The factual details surrounding Plaintiff's claims are comprehensively set forth in Magistrate Judge Blewitt's report and recommendation, and Plaintiff does not object to Magistrate Judge Blewitt's recitation of the facts. Accordingly, the

1

Court will not reproduce the factual allegations here.

## II.     STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, the Court must dismiss any civil action filed by a prisoner against a governmental entity or officer or employee of a governmental entity where the complaint fails to state a claim or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A; see also Vega v. Kyler, 90 Fed. Appx. 437, No. 03-1936, slip op. at 3 n.2 (3d Cir. 2004); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998).  In reviewing whether the prisoner has failed to state a claim under Section 1915A the Court applies the standard of reviewed used in motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Brown v. Kelsey, No. 04-316, 2005 U.S. Dist. LEXIS 7345, at *3 (D. Del. Apr. 27, 2005)

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  In reviewing a motion to dismiss, a court may "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."  Lum, 361 F.3d at 221 n.3.  The motion will only be properly granted when, taking all factual allegations and inferences drawn therefrom as true, the moving party is entitled to judgment as a matter of law.  Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990).  The burden is on the moving party to show that no claim has been stated.  Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980).  Thus, the moving party must show that Plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist."  Kost, 1 F.3d at 183 (citations omitted).  A court, however, "need not credit a complaint's 'bald

assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997). Indeed, the Supreme Court has held that while the 12(b)(6) standard does not require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion of entitlement to relief. . . . '[F]actual allegations must be enough to raise a right to relief above the speculative level.'" Phillips, 515 F.3d at 231-32 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1955 (2009)).

## III.   DISCUSSION

Magistrate Judge Blewitt recommended, without objection from either party, that the following claims be permitted to proceed: (1) Plaintiff's Eighth Amendment denial of proper medical care claim against Defendants Bohinski and Leskowski arising from the July 25, 2010 eye injury; (2) Plaintiff's Eighth Amendment denial of medical care claim against Defendant Bohinski regarding Defendant Bohinski's failure to treat Plaintiff's pre-existing eye conditions; and (3) Plaintiff's Eighth Amendment state-created danger claim against Defendant Casey. (Doc. No. 20 at 22.) The Court finds no error with these recommendations and will adopt them without further discussion. In addition, Plaintiff files no objection to Magistrate Judge Blewitt's recommendation that all claims for money damages against all named Defendants in their official capacities be dismissed. (Id.) The Court previously ordered that such claims be dismissed with prejudice; accordingly, the Court will adopt this recommendation without further discussion. Finally, to the extent that any claims are based on Defendants' handling of the

grievance procedure, Plaintiff apparently agrees that such allegations cannot support a claim.[1] As such, the Court will dismiss these claims with prejudice.

Plaintiff objects to Magistrate Judge Blewitt's Report and Recommendation arguing that the claims against Defendants Lucas, Sowga, Walsh, Varner, Davis, and Jones ("Supervisory Defendants") were improperly dismissed.  (Doc. No. 21.)  The objections appear to focus primarily on Plaintiff's conditions of confinement claim; however, the Court will also discuss the claims against these Defendants as they relate specifically to the July 25, 2010 kitchen accident. For ease of reading, the Court will consider these issues in reverse order.

### A.      Kitchen Accident Claim Against Supervisory Defendants

Plaintiff's first claim arises from injuries he suffered as a result of the July 25, 2010 kitchen accident.  None of the Supervisory Defendants are alleged to have been present when Plaintiff was injured in the kitchen.  Nor does Plaintiff allege that any of these Defendants denied him safety equipment or ordered him to work without such equipment on this occasion. Instead, Plaintiff argues that he has alleged a claim of supervisory liability by pleading that Defendants had knowledge of their subordinates' violations and acquiesced in the same.  (Doc. No. 21 at 2-3.)  The Third Circuit permits Section 1983 claims to proceed based on a theory of supervisory liability where a plaintiff can show defendants had knowledge of their subordinates' violations and acquiesced in the same.[2]  See Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d

---

[1] Plaintiff includes an objection, which states: "The plaintiff is not basing his arguments against any defendant simply because they denied his grievance."  (Doc. No. 21 at 6.)

[2] In light of the Supreme Court's decision in Ashcroft v. Iqbal, the Court questions the continuing validity of the Third Circuit's supervisory liability jurisprudence.  As stated by the Supreme Court:

Cir. 1995) (permitting plaintiff to hold a supervisor liable for a subordinate's Section 1983

violation provided plaintiff is able to show "the person in charge . . . had knowledge of and

acquiesced in his subordinates' violations").  To impose liability on a supervisory official there

must be "both (1) contemporaneous knowledge of the offending incident or knowledge of a prior

pattern of similar incidents, and (2) circumstances under which the supervisor's assertion could

be found to have communicated a message of approval to the offending subordinate."  Colburn

v. Upper Darby Twp., 838 F.2d 663, 673 (3d Cir. 1988).  Allegations of actual knowledge and

acquiescence must be made with particularity.   Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d

Cir. 1988).  None of the Supervisory Defendants are alleged to have had contemporaneous

---

> [Respondent] argues that, under a theory of "supervisory liability,"
> petitioners can be liable for "knowledge and acquiescence in their
> subordinates' use of discriminatory criteria to make classification
> decisions among detainees."  That is to say, respondent believes a
> supervisor's mere knowledge of his subordinate's discriminatory
> purpose amounts to the supervisor's violating the Constitution.  We
> reject this argument.  Respondent's conception of "supervisory
> liability" is inconsistent with his accurate stipulation that petitioners
> may not be held accountable for the misdeeds of their agents.  In a
> [Section] 1983 suit or a Bivens action – where masters do not answer
> for the torts of their servants – the term "supervisory liability" is a
> misnomer.  Absent vicarious liability, each Government official, his
> or her title notwithstanding, is only liable for his or her own
> misconduct.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (emphasis added).  However, although the Third
Circuit has acknowledged Iqbal's potential impact on Section 1983 supervisory liability claims,
it has declined to hold that a plaintiff may no longer establish liability under Section 1983 based
on a supervisor's knowledge of and acquiescence in a violation.  Santiago v. Warminster Twp.,
629 F.3d 121, 130 n.8 (3d Cir. 2010); Bayer v. Monroe, 577 F.3d 186, 190 n.5 (3d Cir. 2009).
Accordingly, the Court follows the other courts in this district that have continued to apply the
Third Circuit's traditional supervisory liability analysis.  Brickell v. Clinton Cnty. Prison Bd.,
658 F. Supp. 2d 621, 625-26 (M.D. Pa. 2009) (questioning the continuing viability of Baker v.
Monroe Twp., but applying its holding to the facts of the case).

knowledge of the incident.  Accordingly, Plaintiff is only able to state a claim to the extent that

he is able to show knowledge of a prior patter of similar incidents coupled with circumstances

indicating a message of approval.

Regarding Defendants Walsh, Sowga, Lucas, and Varner, Plaintiff only alleges that they

became aware of the conditions which led to the July 25, 2010 kitchen accident via his grievance

filings.[3]  However, participation in the after-the-fact review of a grievance or appeal is

insufficient to establish personal involvement on the part of those individuals reviewing

grievances.  See Rode, 845 F.2d at 1208 (finding the filing of a grievance insufficient to show the

actual knowledge necessary for personal involvement); Brooks v. Beard, 167 F. App'x. 923, 925

(3d Cir. 2006) (per curiam) (allegations of inappropriate response to grievances does not

establish personal involvement required to establish supervisory liability).  Accordingly, the

Supervisory Defendants cannot be held liable for Plaintiff's July 25, 2010 kitchen injury.

Defendants Jones and Davis are alleged to have had prior knowledge of other occasions

on which Plaintiff was forced to use hazardous chemicals in the kitchen without safety

equipment.  (Doc. No. 17 ¶¶ 19-20, 28.)  Defendants dismiss these allegations as naked

assertions that do not satisfy Iqbal's plausibility requirements.  (Doc. No. 22 at 9.)  Defendants

further cite Santiago v.Warminster for the proposition that a plaintiff may not state a claim for

---

[3] Defendants Sowga, Varner, and Lucas are alleged to have had prior knowledge of
hazardous conditions as a result of grievances filed by other inmates.  (Doc. No. 17 ¶¶ 46, 47,
52.)  However, Plaintiff gives no indication regarding what specifically those grievances alleged
or how many grievances were filed.  Accordingly, there is insufficient information to support an
allegation of these Defendants' knowledge of a pattern.  Further, Plaintiff's allegation that all
Defendants except Defendant Varner "enter[ed] into the back area of the kitchen at some time
during the period that he worked there at which time inmates were clearly working without
safety equipment and using hazardous materials" is insufficient to establish personal
involvement in the July 25, 2010 kitchen injury.  (Id. ¶ 70.)

supervisory liability by simply describing a constitutional violation "and appending the phrase 'and the Chief told them to do it.'" Santiago, 629 F.3d at 133.  The claims against Defendants Jones and Davis are less than compelling.  However, they rise above the level of implausibility described in Santiago.  Here, Defendants are alleged to have been aware of a pattern of behavior in which inmates including Plaintiff were ordered to use hazardous materials without safety equipment and that they in fact ordered Plaintiff to do so "on numerous occasions."  (Doc. No. 17 ¶¶ 19-20, 28.)  At this very early stage the Court is satisfied that these allegations are sufficient to plausibly give rise to a supervisory liability claim.

### B.    Conditions of Confinement Claim

In evaluating a conditions of confinement claim, a court must determine whether the totality of the conditions within the institution constitute cruel and unusual punishment.  Tillery v. Owens, 907 F.2d 418, 426-27 (3d Cir. 1990).  To state a "conditions of confinement" claim pursuant to the Eighth Amendment, a plaintiff must demonstrate that the alleged deficiencies in his confinement were "sufficiently serious," such that they "result[ed] in the denial of the minimal civilized measure of life's necessities."  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  General allegations of harm will not suffice; a plaintiff must establish some personal deprivation or harm.  North v. White, 152 F. App'x. 111, 113 (3d Cir. 2005) (citing Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997)).  In addition, the plaintiff must show that the prison official responsible acted with a "sufficiently culpable state of mind."  Wilson v. Seiter, 501 U.S. 294, 298 (1991).  As the Supreme Court explained:

> A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the

> inference could be drawn that a substantial risk of serious harm
> exists, and he must also draw the inference.

Farmer, 511 U.S. at 837.

In the present matter the Court agrees with Magistrate Judge Blewitt's finding that Plaintiff has failed to properly state a conditions of confinement claim.  Plaintiff lists a litany of alleged conditions that may well violate the Eighth Amendment.  (Doc. No. 17 ¶¶ 96(a)-96(h).) However, Plaintiff fails to explain the extent to which he personally suffered any deprivation or when the alleged deprivation occurred.  Further, Plaintiff fails to clearly state the personal involvement of any named Defendant beyond conclusory statements of their knowledge of an acquiescence in the conditions in the prison.  Accordingly, the Court will adopt Magistrate Judge Smyser's recommendation that Plaintiff's conditions of confinement claims be dismissed as to all Defendants.

## IV.    CONCLUSION

Plaintiff raised objections to Magistrate Judge Blewitt's Report and Recommendation arguing that the claims against Defendants Lucas, Sowga, Walsh, Varner, Davis, and Jones were improperly dismissed.  (Doc. No. 21.)  Specifically, Plaintiff argued that he properly stated both Eighth Amendment conditions of confinement claims and Eighth Amendment claims arising from the July 25, 2010 kitchen accident based on the knowledge and acquiescence of the Defendants in these alleged violations.  The Court agrees that Plaintiff has failed to state a conditions of confinement claim against Defendants Lucas, Sowga, Walsh, Varner, Davis, and Jones.  The Court further agrees that Plaintiff has failed to plead an Eighth Amendment violation arising from the July 25, 2010 kitchen accident as to Defendants Lucas, Sowga, Walsh, and Varner.  The Court further agrees with the report and recommendation that permitting Plaintiff to

amend his complaint would be futile.  Plaintiff has been given two opportunities to file amended complaints and the Court is persuaded that, if given yet another opportunity, Plaintiff would be unable to state a claim.  However, Plaintiff has pleaded facts sufficient to plausibly state a claim based on the knowledge and acquiescence of Defendants Davis and Jones as to the July 25, 2010 kitchen accident.  Accordingly, at this early stage, the Court will permit this claim to proceed.[4]

---

[4] In his objections, Plaintiff also argues that "never in the history of civil law has the court made the screening of a case so blatantly biased as to actually take it upon [itself] to screen a plaintiff's complaint" and objects to Magistrate Judge Blewitt "requir[ing] the plaintiff to go through . . . rigorous screening."  (Doc. No 21 at 8-9.)  Plaintiff has not been "subjected" to this screening because it is Magistrate Judge Blewitt's wont to do so.  Nor is Plaintiff in a uniquely aggrieved position as he apparently believes himself to be.  Rather, Magistrate Judge Blewitt has screened Plaintiff's complaint because he is required to do so by the Prison Litigation Reform Act, 28 U.S.C. § 1915A.  The Court further assures Plaintiff that "the history of civil law" is replete with cases of judicial screening of complaints from prisoners against government officials.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CARLOS ROBLES,** | : | |
| **Plaintiff** | : | **1:10-cv-2663** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **J.J. CASEY, et al.,** | : | |
| **Defendants** | : | |

## ORDER

  **NOW**, on this 8th day of June 2011, **IT IS HEREBY ORDERED THAT** the report and

recommendation (Doc. No. 20) is **ADOPTED IN PART** as follows:

  1.    All claims against Defendants Lucas, Sowga, Walsh, and Varner are
        **DISMISSED WITH PREJUDICE**;

  2.    The conditions of confinement claim against Defendants Davis and Jones are
        **DISMISSED WITH PREJUDICE**;

  3.    The Eighth Amendment claims arising from the July 25, 2010 eye injury against
        Defendants Davis and Jones may proceed;

  4.    Plaintiff's Eighth Amendment denial of proper medical care claim against
        Defendants Bohinski and Leskowski arising from the July 25, 2010 eye injury
        may proceed;

  5.    Plaintiff's Eighth Amendment denial of medical care claim against Defendant
        Bohinski regarding Defendant Bohinski's failure to treat Plaintiff's pre-existing
        eye conditions may proceed;

  6.    Plaintiff's Eighth Amendment state-created danger claim against Defendant
        Casey may proceed;

  7.    To the extent that Plaintiff raises a claim for money damages against any named
        Defendant in his official capacity, those claims are **DISMISSED WITH
        PREJUDICE**; and

  8.    To the extent that Plaintiff raises a claim based on any Defendant's handling of
        the grievance procedure, those claims are **DISMISSED WITH PREJUDICE**.
This case shall be recommitted to Magistrate Judge Blewitt for further proceedings, including

directing service of Plaintiff's Second Amended Complaint (Doc. No. 17) on the remaining

Defendants.

                 S/ Yvette Kane            
                 Yvette Kane, Chief Judge
                 United States District Court
                 Middle District of Pennsylvania