IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS ROBLES, | : | CIVIL ACTION NO. **1:CV-10-2663** |
| | : | |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| J.J. CASEY, et al., | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

On December 9, 2010, Plaintiff, Carlos Robles, an inmate at the State Correctional Institution at Dallas, Dallas, Pennsylvania ("SCI-Dallas"), filed, *pro se*, the instant civil rights action, pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff filed his action in the Luzerne County Court of Common Pleas. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. On December 29, 2010, counsel for Defendants filed a Notice of Removal pursuant to 28 U.S.C. §1441(a) and removed this case to the United States District Court for the Middle District of Pennsylvania. (Doc. 1). Defendants attached a copy of Plaintiff's Complaint and his *in forma pauperis* motion to their Notice. (Doc. 1-1).

Plaintiff's original Complaint consisted of eight typed pages. In his original Complaint, Plaintiff named the following Defendants: Kitchen Steward J. J. Casey; Kitchen Manager Gary Davis; Assistant Kitchen Manager Kevin Jones; Superintendent Jerome Walsh; Grievance Coordinator Robin Lucas; Safety Officer Erik Sowga; Grievance Coordinator Robin Lucas; Department of Corrections Chief Grievance Coordinator Dorina Varner. (Doc. 1-1, pp. 3-4).

Plaintiff averred that on July 25, 2010, while assigned to work in the kitchen area at SCI-Dallas, he was directed by Defendant Casey to clean the kitchen with a bucket filled with chemicals. Plaintiff averred that he was not advised that the bucket contained hazardous chemicals which required him to wear safety apparel and equipment. Plaintiff alleged that while he was cleaning, "the chemical splashed into [his] eyes causing severe burning to his eye." (*Id.*, p. 5).

Plaintiff claimed that each Defendant was negligent and or reckless, and deliberately indifferent to his safety in violation of his constitutional rights. Plaintiff also claimed that "he is not being granted equal protection as a Hispanic American with limited language capacity where other facilities insure that proper training is given in both English and Spanish to ensure that they are able to fulfill their assigned job roles safely." (*Id.*, pp. 9-10). Plaintiff further claimed that "the failure of the Defendants to provide any training to [him] resulted in his physical injury and loss of vision which is now permanent and acting as a life altering handicap to his person." (*Id.*, p. 10).

Additionally, Plaintiff claimed that the overpopulation at SCI-Dallas resulted in living conditions that are cruel and unusual. Also, Plaintiff claimed that there were unsanitary and unsafe conditions in the kitchen area where he was assigned to work. (*Id.*).

On January 7, 2011, we screened Plaintiff's original Complaint as required under the PLRA, 28 U.S.C. §1915(e), and issued a Report and Recommendation. (Doc. 6). We recommended that Defendants SCI-Dallas Grievance Coordinator Lucas, Safety Officer Sowga, Superintendent Walsh and DOC Chief Grievance Coordinator Varner be dismissed, and that Defendants Davis and Jones be dismissed. We also recommended that Plaintiff's claims for monetary damages against all Defendants in their official capacities be dismissed. Additionally, we recommended that insofar as

Plaintiff was deemed as raising an Eighth Amendment denial of proper medical care claim with respect to his July 25, 2010 eye injury that this claim be dismissed as against all Defendants. Further, we recommended that Plaintiff's Eighth Amendment conditions of confinement claim be dismissed as against all Defendants.

Additionally, we recommended that Plaintiff's Fourteenth Amendment equal protection claim be dismissed as against all Defendants.  We also recommended that Plaintiff's Eighth Amendment state-created danger claim be allowed to proceed only as against Defendant Casey.

Finally, we recommended that this case be recommitted to the undersigned for further proceedings, including directing service of his Plaintiff's Complaint on remaining Defendant Casey.

On February 3, 2011, the Court issued a Memorandum and Order, and directed as follows:

1.  Any claims for monetary damages against all named Defendants in their official capacitates are **DISMISSED WITH PREJUDICE;**
2.  Plaintiff's Fourteenth Amendment Equal Protection claims against all named Defendants are **DISMISSED WITH PREJUDICE;**
3.  Any Eighth Amendment denial of proper medical care claims against all named Defendants are **DISMISSED WITHOUT PREJUDICE;**
4.  Plaintiff's Eighth Amendment conditions of confinement claims are against all named Defendants are **DISMISSED WITHOUT PREJUDICE;**
5.  All claims against Defendants Davis, Jones, Lucas, Sowga, Walsh, and Varner are **DISMISSED WITHOUT PREJUDICE;**
6.  Plaintiff's Eighth Amendment state-created danger claim **SHALL BE** permitted to proceed against Defendant Casey;
7.  Plaintiff **SHALL BE** given leave to file an amended complaint within ten days of the date of this order;
8.  Because Plaintiff has been granted leave to file an amended complaint, Defendants' motion to dismiss (Doc. No. 4) is **DENIED** as moot.  Defendants may renew the motion to dismiss if Plaintiff fails to file an amended complaint or if the amended complaint fails to state a claim.
9.  Plaintiff's motion for extension of time to respond to Defendants' motion to dismiss (Doc. No. 8) is **DENIED** as moot.

    10.  The above captioned action **SHALL BE** referred to Magistrate Judge Blewitt for pre-trial management.

(Doc. 10, pp. 7-8).

On March 16, 2011, Plaintiff filed his Amended Complaint.  (Doc. 15).  We found that Plaintiff's Amended Complaint was not a proper pleading under Fed.R.Civ.P. 8(a) and 10 and,  we directed Plaintiff to file a Second Amended Complaint.  It was not clear who Plaintiff named as Defendants in his Amended Complaint and it was not clear as to the alleged unconstitutional conduct of each one of these Defendants.  Further, Plaintiff added two new Defendants, RNS Leskowsky and Dr. Bohinski, in his Amended Complaint.  Also, Plaintiff did not include a separate request for relief in his Amended Complaint.  Plaintiff also included several pages of argument in his Amended Complaint which were not appropriate in a pleading.

Thus, on March 18, 2011, we issued an Order and directed as follows:

1.   Plaintiff shall file his Second Amended Complaint within **fifteen (15) days** of the date of this Order.
2.  Plaintiff's Second Amended Complaint shall properly allege a claim under 42 U.S.C. §1983 against a proper Defendant as specified in the foregoing Order.
3.  Plaintiff's Second Amended Complaint shall be filed to the same docket number as the instant action and shall be entitled "Second Amended Complaint".
4.  Plaintiff's Second Amended Complaint shall be complete in all respects.  It shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed.  Plaintiff's Second Amended Complaint shall also be "simple, concise, and direct", as required by the Rules of Civil Procedure, and it should not contain argument.  Fed.R.Civ.P. 8(e)(1).
5.  Failure of Plaintiff to timely file his Second Amended Complaint will result in a recommendation that this action be dismissed.

(Doc. 16).

On March 29, 2011, Plaintiff filed his Second Amended Complaint consisting of twenty-three pages.  (Doc. 17).  We then screened Plaintiff's Second Amended Complaint.

On April 20, 2011, we issued an R&R and recommended that Defendants SCI-Dallas Grievance Coordinator Lucas, Safety Officer Sowga, Superintendent Walsh and DOC Chief Grievance Coordinator Varner be dismissed with prejudice, and that Defendants Davis and Jones be dismissed with prejudice.  We also recommended that Plaintiff's claims for monetary damages against all Defendants in their official capacities be dismissed with prejudice.

Additionally, we recommended that Plaintiff's Eighth Amendment denial of proper medical care claim with respect to his July 25, 2010 eye injury be allowed to proceed only as against Defendants Dr. Bohinski and Leskowski.  We also recommended that Plaintiff be allowed to proceed with his Eighth Amendment denial of proper medical care claim against Dr. Bohinski that Bohinski failed to treat him properly for his pre-existing eye conditions, namely glaucoma and cataracts.  Further, we recommended that all of Plaintiff's Eighth Amendment conditions of confinement claims be dismissed with prejudice as against all Defendants.

Moreover, we recommended that Plaintiff's Eighth Amendment state-created danger claim be allowed to proceed only as against Defendant Casey.  Finally, we recommended that this case be recommitted to the undersigned for further proceedings, including directing service of Plaintiff's Second Amended Complaint on remaining Defendants Casey, Bohinsky and Leskowski.  (Doc. 20).

On June 8, 2011, the District Court adopted, in part, our R&R.  (Doc. 23).  Specifically, the Court ordered as follows:

> 1. All claims against Defendants Lucas, Sowga, Walsh, and Varner are **DISMISSED WITH PREJUDICE**;
>
> 2. The conditions of confinement claim against Defendants Davis and Jones are **DISMISSED WITH PREJUDICE**;

3. The Eighth Amendment claims arising from the July 25, 2010 eye injury against Defendants Davis and Jones may proceed;

4. Plaintiff's Eighth Amendment denial of proper medical care claim against Defendants Bohinski and Leskowski arising from the July 25, 2010 eye injury may proceed;

5. Plaintiff's Eighth Amendment denial of medical care claim against Defendant Bohinski regarding Defendant Bohinski's failure to treat Plaintiff's pre-existing eye conditions may proceed;

6. Plaintiff's Eighth Amendment state-created danger claim against Defendant Casey may proceed;

7. To the extent that Plaintiff raises a claim for money damages against any named Defendant in his official capacity, those claims are **DISMISSED WITH PREJUDICE**; and

8. To the extent that Plaintiff raises a claim based on any Defendant's handling of the grievance procedure, those claims are **DISMISSED WITH PREJUDICE**.

(Doc. 23, p. 10).

Thus, the Court allowed Plaintiff's following claims to proceed:

1. Plaintiff's Eighth Amendment claims arising from his July 25, 2010 eye injury against Defendants Davis and Jones;

2. Plaintiff's Eighth Amendment denial of proper medical care claim with respect to his July 25, 2010 eye injury against Defendants Dr. Bohinski and Leskowski;

3. Plaintiff's Eighth Amendment denial of proper medical care claim against Dr. Bohinski that Bohinski failed to treat him properly for his pre-existing eye conditions, namely glaucoma and cataracts; and

4. Plaintiff's Eighth Amendment state-created danger claim against Defendant Casey.

On June 10, 2011, in compliance with the Court's Doc. 23 Order, we directed service of Plaintiff's Second Amended Complaint (Doc. 17) upon the remaining five (5) Defendants. (Doc. 24). All Defendants were served (Docs. 26 and 28), and on August 3, 2011, Defendants Davis, Jones, Leskowski and Casey ("Corrections Defendants") jointly filed an Answer to Plaintiff's Second Amended Complaint, with Affirmative Defenses. (Doc. 29).  On August 12, 2011, Defendant Dr. Bohinski filed a Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6) or, in the alternative, Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56.  **(Doc. 30).**  Defendant Dr. Bohinski filed his support brief was on August 22, 2011, with Exhibits (A and 1-4). (Doc. 31).  Defendant Dr. Bohinski argues that Plaintiff's claims should be dismissed against him since Plaintiff failed to exhaust his administrative remedies with respect to these claims, that Plaintiff's Eight amendment denial of proper medical care claims against him fail to state a cognizable claim, and that Plaintiff failed to timely file a Certificate of Merit ("COM") with respect to his claims sounding in medical professional negligence as required by Pa.R.C.P. No. 1042.3.[1] Plaintiff filed his brief in opposition on September 7, 2011. (Doc. 32).   Also, on September 7, 2011, Plaintiff filed a document entitled "Certificate of Merit" ("COM") stating that he "does hereby certify that [his present §1983 action] does not require expert testimony of an appropriate licensed professional commensurate with Pa.R.C.P. No. 1042.3(a)(3)."  (Doc. 34).  Plaintiff also states his case "is one of such obvious nature [that] it obviates the necessity for expert testimony as the deficiencies in care are so blatant that a layman can clearly determine their existence."

---

[1]With respect to his alternative Summary Judgment Motion, Defendant Dr. Bohinski did not file a Statement of Material Facts as required under Local Rule 56.1, M.D. Pa.

On September 12, 2011, Defendant Dr. Bohinski filed a Supplement to his dispositive motion in response to Plaintiff 's Certificate of Merit.  (Doc. 36).  Defendant Dr. Bohinski states that Plaintiff 's COM was not timely filed, and that Plaintiff conceded that he is not raising any medical professional negligence against him since Plaintiff states that his claims do not require medical expert testimony.

Defendant Dr. Bohinski's dispositive motion is ripe for disposition.[2]

## II. Motion to Dismiss Standard.

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009).  "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570).  The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).  *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal,*

---

[2]We have issued a scheduling order setting a discovery deadline and a dispositive motion deadline at this time, without waiting for the Court to rule on Defendant Bohinski's pending Motion, since this case was filed one year ago.  **(Doc.     ).**

129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id. Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

*See also Banks v. County of Allegheny*, 568 F.Supp.2d 579, 588-589 (W.D. Pa. 2008).[3]

## III. Discussion.

In his Second Amended Complaint, Plaintiff alleges that he reported to the medical department at SCI-Dallas, prior to the July 25, 2010 incident, on several occasions for loss of sight "due to what he believed to be Glaucoma." (Doc. 17, p. 14, ¶ 63). Plaintiff then alleges as follows with respect to Defendant Dr. Bohinski[4]:

> He [Plaintiff] was seen by defendant Bohinski and diagnosed with said disease [*i.e.* cataracts] and was summarily told that they would not pay for the removal of the blockage until it completely covered his eye as they didn't have the money to pay for something that was no life threatening such as glaucoma.

---

[3]We consider Defendant Dr. Bohinski's Motion (Doc. 30) only as one to dismiss herein. As noted, Defendant Dr. Bohinski did not file a Statement of Material Facts as required for a summary judgment motion, and all the issues Defendant raises can be considered by a motion to dismiss.

[4]Dr. Bohinski was not named as a Defendant in Plaintiff's original Complaint.

> The Plaintiff informed the defendant that he worked in the kitchen and had loss of depth perception and equilibrium which concerned him since it was unsafe in the kitchen.
> The defendant explained that he saw no reason why he couldn't work and would clear him regardless of his concerns.

(*Id.*, ¶'s 64-67).

Plaintiff avers that on July 25, 2010, while assigned to work in the kitchen area at SCI-Dallas, he was directed by Defendant Casey to take hazardous chemicals and clean the grease in the kitchen from the area where the chicken was prepared. (*Id.*, p. 15). Plaintiff alleges that he obeyed the order and that while he was cleaning, "the chemical he was issued get (sic) into his eye." (*Id.*, p. 16). Plaintiff alleges that the "burning injury to his eyes [was the] result of lack of the issuance of safety equipment." (*Id.*, p. 16, ¶ 81).

Plaintiff avers that he was immediately sent to the prison infirmary and that it was determined he had to go to the Wilkes-Barre General Hospital emergency room for treatment. Plaintiff alleges that while he was waiting to be examined at the hospital by an eye specialist, Defendant Dr. Bohinski and Defendant Nurse Leskowski told the correctional officers who took Plaintiff to the hospital to bring him back to the prison since they would have the prison contracted eye specialist examine him at a later date. (*Id.*, p. 16).

Plaintiff avers that he suffered an inordinate delay in medical treatment for his eye which contributed to the loss of sight from which he now allegedly suffers.

Plaintiff also avers that prior to his eye injury, Defendant Dr. Bohinski delayed the treatment for his severe cataracts in his eye since it was not a life threatening condition. (*Id.*,p. 16, ¶ 81). Plaintiff states that was still required to work despite his cataracts and lack of depth perception and

vision, and that Dr. Bohinski ignored his concerns.

As mentioned, the Court has found that Plaintiff stated an Eighth Amendment denial of proper medical care claim with respect to his July 25, 2010 eye injury against Defendants Dr. Bohinski and Leskowski and, that Plaintiff stated an Eighth Amendment denial of proper medical care claim against Dr. Bohinski with respect to Bohinski's alleged failure to treat him properly for his pre-existing eye conditions, namely glaucoma and cataracts**.** (Doc. 23).

1. *Certificate of Merit*

Initially, we agree with Defendant Dr. Bohinski that to the extent Plaintiff is deemed as raising professional medical malpractice claims against him, they should be dismissed since Plaintiff has admittedly failed to file a timely COM as required by Pennsylvania law, pursuant to Pa.R.C.P. 1042.3(a)(1). *See A.W. v. Robert Packer Hosp.*, 2011 WL 2160491, *1-*2 (M.D. Pa. 6-1-11).

A COM is required for a Pennsylvania professional negligence claim raised in a malpractice action. *See Santee v. U.S.*, Civil Action No. 3:CV-07-2207, September 30, 2008 Memorandum and Order (M.D. Pa.), 2008 WL 4426060 (M.D. Pa.). "The COM requirement is set forth in a procedural rule, but federal courts exercising diversity and supplemental jurisdiction have considered it substantive law that must be applied to claims under Pennsylvania law presented in federal court." *Booker v. U.S.*, 2009 WL 90129, *3 (citations omitted). The Third Circuit affirmed a case in the Middle District of Pennsylvania in which the District Court found that PA Rule 1042.3 is a rule of substantive state law and that Plaintiffs in federal court must comply with this rule. *See Perez v. Griffin*, 2008 WL 2383072 (M.D. Pa.), aff'd. 2008 WL 5351829 (3d Cir. 12-23-08); *A.W. v. Robert Packer Hosp.*, 2011 WL 2160491, *1 (M.D. Pa. 6-1-11)(Court held that federal court sitting in

diversity in PA must apply PA substantive law and COM is substantive state law in PA)(citations omitted); *Liggon-Redding v. Estate of Robert Sugarman*, –F.3d–, 2011 WL 4552470, *6 (3d Cir. 2011)(Third Circuit found that PA "Rule 1042.3, mandating a [COM] in professional negligence claims, is substantive law under the *Erie* Rule and must be applied as such by federal courts.").

Thus, that to the extent Plaintiff is deemed as raising professional medical malpractice claims against Defendant Dr. Bohinski, all such claims should be dismissed since he failed to file his required COM.

Moreover, insofar as Plaintiff appears to be arguing that he has raised ordinary medical negligence claims against Defendant Dr. Bohinski which do not require expert testimony (Doc. 34), we agree with Defendant (Doc. 36) that Plaintiff's allegations, detailed above, clearly sound in professional medical negligence. Plaintiff 's allegations that Defendant Dr. Bohinski failed to give him proper treatment for his July 2010 eye injury and, for his glaucoma and cataracts conditions are clearly well beyond the province of lay persons to decide. As such, Plaintiff was required to file a COM. Regardless, as discussed below, Plaintiff cannot raise his negligence claims against Defendant Dr. Bohinski under the Eighth Amendment in a §1983 action.

In *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999), the Third Circuit stated:

> The Eighth Amendment prohibits the imposition of "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." *See Helling v. McKinney,* 509 U.S. 25, 32, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). In *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the Supreme Court held that the Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide basic medical treatment to those whom it has incarcerated. The Court articulated the standard to be used:
>
> > In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to

serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

*Id.* at 106, 97 S.Ct. 285. Therefore, to succeed under these principles, plaintiffs must demonstrate (1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious. *See id.*

As stated, the Court (Doc. 23) has previously found that Plaintiff has sufficiently alleged in his Second Amended Complaint, that Defendant Dr. Bohinski was deliberately indifferent to his serious eye conditions, glaucoma and cataracts, and to his medical needs after he was injured in July 2010. *See Rouse v. Plantier,* 182 F.3d at 197 (citing *Farmer v. Brennan*, 511 U.S. 825, 842, 114 S.Ct. 1970 (1994)("it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm")). Thus, insofar as Defendant Dr. Bohinski argues in his Motion to Dismiss and brief (Doc. 31, pp. 9-16) that Plaintiff has failed to state cognizable denial of proper medical care claims against him under the Eighth Amendment, we do not agree based on our Doc. 20 R&R and the Court's Doc. 23 Memorandum and Order.

To the extent Plaintiff alleges that the conduct of Defendant Dr. Bohinski amounted to ordinary negligence, we agree with Defendant that such allegations do not state cognizable claims under the Eighth Amendment. (Doc. 31, pp. 10-11). Thus, we will recommend that any ordinary medical negligence claims Plaintiff is deemed as raising be dismissed from this §1983 civil rights case. *See Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 764 (3d Cir. 1979)("a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); *Rouse v. Plantier*, 182 F.3d at 197("It is well-settled that claims of negligence or medical malpractice, without some more

culpable state of mind, do not constitute 'deliberate indifference.").

Therefore, we will recommend that the Motion to Dismiss of Defendant Dr. Bohinski be granted with respect to any claims Plaintiff is raising against him for professional medical malpractice and for ordinary negligence.

2. *Exhaustion of Administrative Remedies*

Defendant Dr. Bohinski contends that Plaintiff failed to exhaust his Eighth Amendment claims against him as required by the PLRA. (Doc. 31, pp. 6-8). Defendant Dr. Bohinski has submitted as Exhibits copies of Plaintiff's grievances and the responses thereto. (Doc. 31-1). We concur with Defendant Dr. Bohinski that the Court can consider his Exhibits even if his Motion is considered as one to Dismiss. (Doc. 31, pp. 5-6). *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002)("documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered.")(citation omitted). Also, Plaintiff relies upon Defendant's Exhibits in his opposition brief. (*See* Doc. 32, p. 4).

The law is well-settled that Plaintiff must exhaust all of his administrative remedies available through the DOC grievance process with respect to each one of his constitutional claims before he can assert such claims in a §1983 civil rights action. Also, failure to exhaust administrative remedies must be pleaded and proven by Defendants. *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002); *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

Initially, the issue of whether Plaintiff fully exhausted all of his DOC administrative remedies which were available to him with respect to each one of his Eighth Amendment claims against

Defendant Dr. Bohinski is a question of law for the Court to decide.  *See Drippe v. Tobelinski*, 604 F. 3d 778, 782 (3d Cir. 2010)("exhaustion of administrative remedies under the PLRA is a question of law to be determined by the judge")(citation omitted).

In *Womack v. Smith*, 310 Fed. Appx. 547, 550 (3d Cir. 2009), the Court stated:

> The Prison Litigation Reform Act (PLRA), requires full and procedurally proper exhaustion of all available administrative remedies as a prerequisite to prisoner suits challenging prison conditions under federal law. 42 U.S.C. § 1997e(a); *Woodford v. Ngo,* 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006); *Spruill v. Gillis,* 372 F.3d 218 (3d Cir.2004). "[P]rison grievance procedures supply the yardstick for measuring procedural default." *Spruill,* 372 F.3d at 231.

Section 1997(a) of the Prison Litigation Reform Act ("PLRA") provides that:  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility, until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law.  The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Id.*

The Third Circuit has stated that the PLRA "requires that inmate-Plaintiffs exhaust all administrative remedies **prior to filing suit in federal court**." *Banks v. Roberts*, 2007 WL 3096585, *1 (3d Cir. 10-19-07)(Non-Precedential) (citation omitted)(emphasis added).  The *Banks* Court also

15

noted that a futility exception to the PLRA's mandatory exhaustion requirement is completely

precluded. *Id. See also Nyhuis v. Reno,* 204 F. 3d 65 (3d Cir. 2000).

As the Court stated in *Fortune v. Bitner*, 2006 WL 2796158, * 7 (M.D. Pa.):

> Under the Prison Litigation Reform Act ("PLRA"), exhaustion
> of administrative remedies is required for all actions concerning
> prison conditions brought under federal law.  *See* 42 U.S.C. § 1997e(a);
> *see Woodford v Ngo*, 126 S.Ct. 2378 (2006).  The "exhaustion
> requirement applies to all inmate suits about prison life, whether
> they involve general circumstances or particular episodes, and
> whether they allege excessive force or some other wrong."  *Porter v.
> Nussle*, 534 U.S. 516 (2002).  "The PLRA attempts to eliminate
> unwarranted federal-court interference with the administration of
> prisons, and thus seeks to afford corrections officials time and opportunity
> to address complaints internally before allowing the initiation of a
> federal case."  *Woodford*, 126 S.Ct. at 2387 (internal quotation and
> citation omitted).  "The benefits of exhaustion can be realized only if the
> prison grievance system is given a fair opportunity to consider the
> grievance."  *Id*. at 2388.

> The PLRA mandates that inmates "properly" exhaust administrative
> remedies before filing suit in federal court.  *Id.* at 2387.  "Proper
> exhaustion demands compliance with an agency's deadlines and
> other critical procedural rules because no adjudicative system can
> function effectively without imposing some orderly structure on the
> course of its proceedings."  *Id*. at 2386.  Failure to substantially comply
> with the procedural requirements of the applicable prison's grievance
> system will result in a procedural default of the claim.  *Spruill v. Gillis*,
> 372 F.3d 218, 227-32 (3d Cir. 2004).  The PLRA "completely precludes
> a futility exception to its mandatory exhaustion requirement."  *Nyhuis v.
> Reno*, 204 F.3d 65, 71 (3d Cir. 2002).

Defendant Dr. Bohinski argues that Plaintiff has not completed exhaustion of his stated  Eighth

Amendment claims against him.  Defendant Dr. Bohinski submitted the Verification of Robin Lucas,

Assistant to the Superintendent as SCI-Dallas, to support his argument.  Specifically, Lucas avers as

follows:

6. Through December 9, 2010, inmate Robles has filed a total of four (4) grievances while incarcerated at SCI-Dallas: two (2) arising out of alleged nonreceipt of goods from the commissary (No. *315432* and No. *172599);* one (1) arising out of a publication issue (No. *153561);* and one (1) arising out an alleged failure to provide protective gear, including eye wear, for purposes of handling cleaning chemicals (No. 328961). Copies of said grievances are attached hereto [Doc. 31-1] as Exhibits "1" through "4", respectively.

7. Inmate Robles does not name Stanley Bohinski, D.O. ("Dr. Bohinski") as a grieved party in any of the aforesaid grievances. *Id*.

8. Inmate Robles has not filed any grievance, including against Dr. Bohinski, arising out of alleged improper or delayed treatment for chronic eye conditions, namely glaucoma or cataracts. *Id.*

(Doc. 31-1, p. 3, ¶'s 6-8).

Plaintiff states that when cleaning chemical splashed into his eye on July 25, 2010, at SCI-Dallas, he immediately reported that his eye was burning and that he was taken to the hospital. Plaintiff states that his eye was flushed at the hospital and while waiting to be examined by an eye doctor, Defendant Dr. Bohinski directed the corrections officers who took him to the hospital to bring him back to be seen by the prison contracted eye doctor.  (Doc. 32, p. 2).  Plaintiff then states as follows:

The escorting officers then removed the plaintiff from the hospital and brought him back to SCI Dallas.

The plaintiff then waited to be examined by an eye doctor.  While still under the care of Dr. Bohinski, and on the date that he was scheduled to see the eye doctor, the jail was locked down and the plaintiff never got a chance to be examined because of a shake down taking place in another part of the facility.

Defendant Bohinski never rescheduled the plaintiff to be seen by the contracted eye doctor after that.

(*Id*.).

17

Plaintiff then contends that he was not able to read and write English, and that no grievances were available for Spanish speaking persons.  Plaintiff states that he obtained assistance to file a grievance on August 1, 2010, and that he explained his Complaint in a brief manner.  (*Id.*, pp. 2-3). Plaintiff states that after he filed the grievance, he was taken to an outside hospital and had a long existing obstruction surgically removed from his eye.  Plaintiff states that on August 24, 2010, a response to his grievance was issued which falsely claimed that he was given training in the use of chemicals in the kitchen area and that protective gear was available. (*Id.*, p. 3).

Plaintiff further states:

> The plaintiff, with the assistance of another inmate filed his timely appeal to the initial grievance response.  In that response the plaintiff specifically stated, : "Staff knew the hazards inherent in giving me chemicals to use without safety precautions that could well endanger my safety and did it regardless.  **Medical staff were well aware of my eye already being damaged and allowed me to continue to work in a hazardous area around chemicals that could further injure me.**"

> A secondary response was issued to the plaintiff's appeal by Superintendent Jerome Walsh on 8/31/10 [Doc. 31-1, p. 19], summarily miming [mimicking] the initial response of Eric Sowga, the very same person who was responsible for failing to ensure that inmates had safety training and equipment.

> On 9/10/10 the plaintiff again appealed this response to the final review board at Camp Hill regarding his grievance.  (See defendant's exhibits in their initial brief) [Doc. 31-1, pp. 20-21].

(Doc. 32, p. 4).

Subsequently, since Plaintiff thought he would continue to be in imminent danger, he stated that he initiated his present civil rights action on December 9, 2010, in the Court of Common Pleas of Luzerne County.  (*Id.*, p. 5).

18

With respect to Plaintiff's Eighth Amendment claims against Defendant Dr. Bohinski that the doctor failed to provide him with proper medical care for his pre-existing glaucoma and cataracts eye conditions, we find that the record is clear that Plaintiff failed to file any grievance against the doctor raising this claim.  (Doc. 31-1, p. 3, Lucas Verification, ¶ 8).

In *Cooper v. Sniezek*, 2010 WL 3528848, *7 (M.D. Pa. 9-7-10),the Court  stated:

> A prisoner must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through the grievance process. *See Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner,* 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). "[I]t is beyond the power ... of any ... [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." *Nyhuis v. Reno,* 204 F.3d 65, 73 (3d Cir.2000) (quoting *Beeson v. Fishkill Corr. Facility,* 28 F.Supp.2d 884, 894-95 (S.D.N.Y.1998) (citing *Weinberger v. Salfi,* 422 U.S. 749, 766, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975)). The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." *Nyhuis,* 204 F.3d at 71. The PLRA also mandates that an inmate "properly" exhaust administrative remedies before filing suit in federal court. *Woodford v. Ngo,* 548 U.S. 81, 92, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."*Id.* at 90-91. Such requirements "eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id.* at 93 (quoting *Nussle,* 534 U.S. at 525). Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. *Spruill v. Gillis,* 372 F.3d 218, 227-32 (3d Cir.2004).

The law is clear that Plaintiff Robles was required to exhaust his DOC administrative remedies with respect to his Eighth Amendment claims against Defendant Dr. Bohinski that the doctor  failed to provide him with proper medical care for his glaucoma and cataracts eye conditions  before he filed his instant action.  *See Walker v. Health Services, Lewisburg Penitentiary*, 2007 WL 1395361,

*3 (M.D. Pa.).  The law is also clear that Plaintiff cannot complete exhaustion while his present action is pending with this Court.  Rather, Plaintiff's Eighth Amendment claims against Defendant Dr. Bohinski that the doctor failed to provide him with proper medical care for his glaucoma and cataracts eye conditions must be dismissed since the record shows that he failed to exhaust these claims.  The Third Circuit stated that "there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court."  *Oriakhi v. United States*, 165 Fed.Appx. 991, 993 (3d Cir. 2006) (not precedential).  The *Oriakhi* Court found that the lower court had properly dismissed plaintiff's complaint because his exhaustion attempt took place after he filed his *Bivens* claim.  "[T]he district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred."  *Oriakhi*, 165 Fed. Appx. at 993 (quoting *Johnson v. Jones*, 340 F.3d 624, 627-28 (8th Cir. 2003)).

Thus, we will recommend that the Motion to Dismiss of Defendant Dr. Bohinski be granted with respect to Plaintiff's claims that the doctor failed to provide him with proper medical care for his pre-existing glaucoma and cataracts eye conditions due to Plaintiff's failure to exhaust these claims.  *See Oliver v. Beard*, 2011 WL 4565787 (M.D. Pa. 9-29-11).

Plaintiff did file a grievance (#328961) on August 1, 2010, regarding the July 25, 2010 incident and his complaint that he was not given any protective gear to clean the grease with chemical detergent from the area in the kitchen where the chicken was prepared.  Plaintiff also complained that the chemical splashed into his eye and caused severe burning and discoloration. (Doc. 31-1, p. 15).  Plaintiff then stated that he was immediately sent to the prison hospital and that

he had to be taken to an outside hospital for treatment.  (*Id*.).  Plaintiff concluded his grievance #328961 as follows:

> I am still being treated for the injuries I sustained and have lost vision in my eye.  As a result of the injuries sustained due to negligence on the part of staff to follow safety protocols when handling chemicals, I was injured and request damages for the pain and suffering I have sustained, the loss of vision I will have to endure, and for any legal expenses that may be incurred as a result of my injury.  I also request, injunctive relief, nominal damages, declaratory relief, compensatory damages, and any other damages which may be award able by a court of law.
>
> **B.  List actions taken and staff you have contacted, before submitting this grievance.**
>
> Contacted medical staff and kitchen staff in order to get treatment for the injuries sustained.

(*Id*.).

Defendant's Exhibits (Doc. 31-1, pp. 16-23) show that Plaintiff fully exhausted his DOC administrative remedies with respect to his grievance #328961.  The issue is whether Plaintiff's grievance #328961 was sufficient to place the DOC and Dr. Bohinski on notice that Plaintiff was raising an Eighth Amendment denial of proper medical care claim regarding his treatment for his eye injury sustained in the July 25, 2010 incident.

In the August 24, 2010 Response to Plaintiff's grievance #328961, Erik Sowga, Grievance Officer, first addressed Plaintiff's complaint that he was not given proper protective gear for cleaning the kitchen area with chemicals and that he was not provided with training on the use of chemicals.  (Doc. 31-1, p. 16).  Sowga also addressed Plaintiff's complaint that he was not given proper medical care after the July 25, 2010 injury.  Sowga stated:

> You were provided the best medical treatment available for your
> injury as a precaution for any further injuries.  I interviewed Mr.
> Leskowsky RNS, and he stated that you had Pterygium surgery
> to your right eye, which is not related to the chemicals you got
> in your eye.  Upon being examined by the ophthalmologist you have
> no chemical burns or any other issues with your eyes.

(*Id*.).

Sowga then denied Plaintiff's grievance #328961 on August 24, 2010.

There is no question that Plaintiff failed to identify Dr. Bohinski in his grievance #328961 and that Plaintiff did not specifically claim that the medical staff at SCI-Dallas failed to provide him with proper care for his eye injury after the July 25, 2010 incident.  As indicated above, Plaintiff stated in his grievance # 328961 that he contacted medical staff after the July 25, 2010 incident, and he admitted, in his first sentence, that "I am still being treated for the injuries I sustained . . ." (Doc. 31-1, p. 15).

Plaintiff argues that even though he did not specifically mention Defendant Dr. Bohinski by name in his grievance #328961, the exhaustion requirement does not always prohibit an inmate from suing a Defendant who was not named in the grievance.  (*Id*., p. 5).  Plaintiff also argues that since he "enumerated mention of Medical Staff" in his grievance #328961, in that "general terminology," Dr. Bohinski "is completely included as he is the Head Doctor of the facility overseeing All treatment of inmates as SCI Dallas."  (*Id*., p. 7).  We disagree with Plaintiff's broad reading of the DOC administrative remedy procedures and requirements.  In fact, if Plaintiff's interpretation was correct, any supervisory official of the DOC in a prison would be assumed as a named responsible person in all grievances filed by inmates at the facility.

In *Oliver v. Beard*, 2011 WL 4565787, *7, the Court recently stated:

> "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." [*Woodford*, 548 U.S.]   at 90–91. Such requirements "eliminate unwarranted federal-court interference with the administration of prisons, and thus seek [ ] to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.' " *Id.* at 93 (quoting  *Porter,* 534 U.S. at 525)). Failure to comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. *Spruill v. Gillis,* 372 F.3d 218, 227–32 (3d Cir.2004) ("[P]rison grievance procedures supply the yardstick for measuring procedural default."); *see also Jones v. Bock,* 549 U.S. 199, 218, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). A procedural default, "either through late or improper filings, bars the prisoner from bringing a claim in federal court unless equitable considerations warrant review of the claim." *Gallego v. United States,* Civil No. 1:02–CV1157, 2005 WL 1653166, at *2 (M.D.Pa. July 8, 2005).

The  Court in *Oliver* also stated:

> The version of [DOC-ADM]804 that was in effect [effective January 3, 2005] at the time that [Plaintiff inmate] Oliver filed his grievance required him to "identify any person(s) who may have information that could be helpful in resolving the grievance." DC–ADM 804 VI. A. 7. In *Spruill,* the United States Court of Appeals for the Third Circuit held that 804 made it mandatory for an inmate to include in his grievance the facts relevant to his claim; that the identity of a defendant is a fact relevant to an inmate's claim; and that it was therefore mandatory for an inmate to include the identity of the defendant in his grievance. *Spruill,* 372 F.3d at 234. Despite the failure by the inmate in *Spruill* to include the name of a particular defendant in his grievance, it was determined that he nevertheless exhausted his administrative remedies because, in responding to the grievance, the prison grievance officer recognized that the particular defendant was involved in the events that the inmate had complained of, thereby excusing any procedural defects in the inmate's initial grievances.

*Id.*

Our case is distinguishable from *Spruill* and is similar to the *Oliver* case, since Plaintiff Robles did not name Defendant Dr. Bohinski in his grievance #328961 and Bohinski was not identified by Grievance Officer Sowga as a medical staff member at SCI-Dallas who was involved in Plaintiff's complaint asserted in grievance #328961.   Nor was Dr. Bohinski identified in any of the responses to Plaintiff's appeals of his grievance #328961 by DOC officials.  (Doc. 31-1, pp. 19 and 23).   Rather, only Defendant nurse Leskowsky was identified in the responses to Plaintiff's grievance #328961 and his appeals.   Also, as in *Oliver*, our Plaintiff fails to explain why he failed to identify Dr. Bohinski in his grievance #328961 as being involved with his complaints.

Additionally, as Defendant Dr. Bohinski notes (Doc. 31, p. 8, n. 1), we do not find that Plaintiff even sufficiently complained in his grievance #328961 that Bohinski failed to provide him with proper medical care for his eye injury after the July 25, 2010 incident.  Further, in the Responses of the DOC officials to Plaintiff's grievance #328961 and his appeals they consistently stated that Plaintiff was examined by an ophthalmologist after the July 25, 2010 incident, and that he had no chemical burns or any other issues with his eyes.   (Doc. 31-1, pp. 16, 19 & 23).

Plaintiff also argues that he is excused from having to fully exhaust his DOC administrative remedies with respect to his claims against Defendant Bohinski since there were not any Spanish Handbooks or grievance forms available for him to know how to properly file a grievance.  (*Id*.).  We find no merit to this contention of Plaintiff as Defendant's Exhibits (Doc. 31-1), upon which Plaintiff also relies, belie it.  As stated, the record shows that Plaintiff filed grievance #328961 after the July 25, 2010 incident and that he fully exhausted it.  In any event, "this Court lacks the authority to excuse the PLRA's exhaustion requirement."  *Oliver*, 2011 WL 4565787, *9 (citing *Nyhuis,* 204 F.3d at 73).

Therefore, we will recommend that the Motion to Dismiss of Defendant Dr. Bohinski with respect to Plaintiff's Eighth Amendment denial of proper medical care claim for failure to treat Plaintiff's eye injury after the July 25, 2010 incident be granted due to Plaintiff's failure to exhaust his administrative remedies pertaining to this claim. *See Oliver, supra*.

Accordingly, we will recommend that the Motion to Dismiss of Defendant Dr. Bohinski (Doc. 30) be granted with respect to all of Plaintiff's claims against him. As discussed, we find that Plaintiff's Eighth Amendment denial of proper medical care claim with respect to his July 25, 2010 eye injury should be dismissed as against Defendant Dr. Bohinski since Plaintiff failed to exhaust his DOC administrative remedies with respect to this claim. *See Oliver, supra*. We also find that Plaintiff's Eighth Amendment denial of proper medical care claim against Dr. Bohinski that Bohinski failed to treat him properly for his pre-existing eye conditions, namely glaucoma and cataracts, should be dismissed since Plaintiff failed to exhaust his DOC administrative remedies with respect to this claim. Further, as discussed, all of Plaintiff's negligence claims against Defendant Dr. Bohinski, both ordinary and professional medical malpractice claims, should be dismissed.

## V.  Recommendation.

Based on the above, it is respectfully recommended that the Motion to Dismiss of Defendant Dr. Bohinski **(Doc. 30)** be granted with respect to all of Plaintiff's claims against him, and that Dr. Bohinski be dismissed with prejudice from this case[5].

Finally, it is recommended that this case be recommitted to the undersigned for further proceedings as against remaining Corrections Defendants, Davis, Jones, Casey, and Leskowski.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: January 4, 2012**

---

[5]Notwithstanding Plaintiff's *pro se* status, we do not recommend that he be permitted leave to file a third amended Complaint regarding any of his constitutional claims against Defendant Dr. Bohinski since we find that Plaintiff failed  to exhaust his claims against this Defendant and it is now too late to do so.  We also find futility in allowing Plaintiff to amend his negligence claims against Defendant Dr. Bohinski.  Thus, we find futility of any further amendment of Plaintiff 's claims against Defendant Dr. Bohinski, and we shall not recommend Plaintiff be granted leave to again amend his action with respect to the stated Defendant.  Also, Plaintiff has been given two opportunities to amend his Complaint.  *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F. 3d 229, 236 (3d Cir. 2004).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS ROBLES, | : | CIVIL ACTION NO. **1:CV-10-2663** |
| | : | |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| J.J. CASEY, et al., | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **January 4, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof. Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections. The briefing
> requirements set forth in Local Rule 72.2 shall apply. A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge. The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

27

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                                       s/ Thomas M. Blewitt
      _____          THOMAS M. BLEWITT
                                       United States Magistrate Judge


**Dated: January 4, 2012**