**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CARLOS ROBLES,** | : | |
| Plaintiff | : | **1:10-cv-2663** |
| | : | |
| v. | : | **(Chief Judge Kane)** |
| | : | |
| **J.J. CASEY, et al.,** | : | **(Magistrate Judge Blewitt)** |
| Defendants | : | |

## MEMORANDUM ORDER

Pending before the Court is the Report and Recommendation of Magistrate Judge

Thomas Blewitt (Doc. No. 45), which recommends that Defendant Bohinski's motion to dismiss

(Doc. No. 30) be granted and that Defendant Bohinski be dismissed with prejudice from the

case.  Plaintiff Robles has filed an objection to the Report and Recommendation.  (Doc. No. 49.)

For the reasons stated more fully herein, the Court will adopt the Report and Recommendation in

part.

## I.   BACKGROUND

On December 9, 2010, Plaintiff filed the instant Section 1983 action alleging violations

of the Eighth Amendment.  (Doc. No. 17.)  Plaintiff first alleged that his rights under the Eighth

Amendment had been violated because of an incident in which chemicals splashed into his eyes

while working in the prison kitchen.  (Id. at 12-13.)  Plaintiff, who is incarcerated, alleged that he

was denied proper medical care for the injury by Defendant Bohinski.  (Id.)  Plaintiff further

alleged that his Eighth Amendment rights had been violated when his doctor, Defendant

Bohinski, failed to provide proper medical care by inadequately treating his cataracts and

glaucoma.  (Id. at 12.)

On August 12, 2011, Defendant Bohinski filed a motion to dismiss pursuant to Rule

1

12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. No. 30.)  In the motion, Defendant

argued that the Eighth Amendment claims raised by Plaintiff should be dismissed for failure to

exhaust administrative remedies.  (Id. at 3.)  Defendant further argued that if the Eighth

Amendment claim for failure to adequately treat Plaintiff's glaucoma and cataracts is construed

as a medical malpractice claim, it must still be dismissed because Plaintiff failed to file a proper

certificate of merit.  (Id. at 5.)

On January 4, 2012, Judge Blewitt issued a Report and Recommendation, recommending

that Defendant's motion to dismiss be granted.  (Doc. No. 45.)  First, Judge Blewitt found that

the medical malpractice claim must fail because Plaintiff failed to file a proper certificate of

merit.  (Id. at 11.)  Judge Blewitt also recommended that the Eighth Amendment claims raised by

Plaintiff against Defendant be dismissed because Plaintiff failed to comply with administrative

exhaustion requirements.  (Id. at 20.)

## II.      STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint.

Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  In reviewing a motion to dismiss, a court

may "consider only the allegations in the complaint, exhibits attached to the complaint, matters

of public record, and documents that form the basis of a claim."  Lum v. Bank of America, 361

F.3d 217, 221 n.3 (3d Cir. 2004).  The motion will only be properly granted when, taking all

factual allegations and inferences drawn therefrom as true, the moving party is entitled to

judgment as a matter of law.  Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990).  The

burden is on the moving party to show that no claim has been stated.  Johnsrud v. Carter, 620

F.2d 29, 33 (3d Cir. 1980).  Thus, the moving party must show that Plaintiff has failed to "set

forth sufficient information to outline the elements of his claim or to permit inferences to be

drawn that those elements exist."   <u>Kost</u>, 1 F.3d at 183 (citations omitted).   A court, however,

"need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to

dismiss."   <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906, 908 (3d Cir. 1997).   Indeed, the

Supreme Court has held that while the 12(b)(6) standard does not require "detailed factual

allegations," there must be a "'showing,' rather than a blanket assertion of entitlement to relief. .

. . '[F]actual allegations must be enough to raise a right to relief above the speculative level.'"

<u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 231-32 (3d Cir. 2008)(quoting <u>Bell Atl. Corp. v.

Twombly</u>, 550 U.S. 544, 555 (2007)).   Put otherwise, a civil complaint must "set out 'sufficient

factual matter' to show that the claim is facially plausible."   <u>Fowler v. UPMC Shadyside</u>, 578

F.3d 203, 210 (3d Cir. 2009) (quoting <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1955 (2009)).

The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide

that any party may file written objections to a magistrate's proposed findings and

recommendations.   In deciding whether to accept, reject, or modify the Report and

Recommendation, the Court is to make a <u>de</u> <u>novo</u> determination of those portions of the Report

and Recommendation to which objection is made.   28 U.S.C. § 636(b)(1).

## III.    DISCUSSION

On January 19, 2012, Plaintiff filed an objection to the Report and Recommendation.

(Doc. No. 49.)   Plaintiff objects to Judge Blewitt's finding that Plaintiff has failed to exhaust

administrative remedies.   (<u>Id.</u> at 2.)   Specifically, Plaintiff objects to Judge Blewitt's reasoning

that Defendant Bohinski needed to be named in prison grievance proceedings in order to comply

with Prison Litigation Reform Act requirements.   (<u>Id.</u>)   Plaintiff does not object to any other

portion of the Report and Recommendation.

### A.    Exhaustion of Administrative Remedies

Section 1997e(a) of the Prison Litigation Reform Act provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The Third Circuit has held that the Prisoner Litigation Reform Act "requires full and procedurally proper exhaustion of all available administrative remedies as a prerequisite to prisoner suits challenging prison conditions under federal law."  Womack v. Smith, 310 F. App'x 547, 550 (3d Cir. 2009). The Supreme Court has broadly interpreted this exhaustion requirement concluding that it "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).

Plaintiff's Eighth Amendment claim premised on Defendant Bohinski's alleged failure to provide proper medical care for Plaintiff's glaucoma and cataracts must fail for failure to properly exhaust administrative remedies.  Plaintiff has filed a total of four grievances while incarcerated, and none of those grievances have mentioned either Defendant Bohinski or the purported failure of Defendant Bohinski to properly treat Plaintiff's cataracts and glaucoma. (Doc. No. 31-1 at 3.)  Indeed, Plaintiff has not simply failed to exhaust his administrative remedies with respect to this claim, he has failed to even begin seeking administrative remedies. Plaintiff has not satisfied the administrative exhaustion requirement of the Prisoner Litigation Reform Act with respect to his Eighth Amendment failure to provide proper medical care claim, and the claim should therefore be dismissed.

4

Plaintiff's Eighth Amendment claim for denial of proper medical care related to the kitchen incident must also fail for lack of administrative exhaustion.  Plaintiff filed a grievance with the prison related to the kitchen incident, but he did not mention Defendant Bohinski. (Doc. No. 31-1 at 3.)  Plaintiff instead referred only to the "medical staff" in his grievance.  (Id. at 20-21.)  Judge Blewitt found that this failed to satisfy PLRA's exhaustion requirement because a grievance proceeding that fails to expressly identify a party is insufficient to exhaust administrative remedies with respect to claims made against that party.  (Doc. No. 45 at 23.)

Plaintiff objects to Judge Blewitt's reasoning, and argues that the Third Circuit's decision in Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004), should control this case.  (Doc. No. 49 at 2-3.) The Court disagrees.  Spruill is readily distinguishable from the instant action.  In Spruill, the plaintiff failed to name a party in his grievance, but that party was expressly identified in the grievance officer's response.  Spruill, 372 F.3d at 234.  The Third Circuit found that the purpose of identifying a party in a grievance is to give that party notice of his or her alleged wrongdoing, and held that "the prison can excuse an inmate's failure to do so by identifying the unidentified persons and acknowledging that they were fairly within the compass of the prisoner's grievance."  Id.  Here, Plaintiff did not identify Defendant Bohinski in the grievance, and the grievance officer did not identify Defendant in his response.  (Doc. No. 31-1 at 19, 23.) Accordingly, Defendant Bohinski did not receive the requisite notice of his purported wrongdoings, and Plaintiff's lack of administrative exhaustion cannot be excused.  Finding no merit in Plaintiff's objection, the Court adopts this portion of Judge Blewitt's Report and Recommendation.

### B.     Medical Malpractice and Negligence Claims

5

Plaintiff's complaint does not raise any claim of ordinary negligence; rather, all negligence claims raised by Plaintiff are rooted in professional liability and medical malpractice. Under Pennsylvania law, any medical malpractice claim must be accompanied by a certificate of merit that must be filed within sixty days of the filing of the complaint.  Pa. R. Civ. P. 1042.3(a)(1).   When a plaintiff fails to file a timely certificate of merit, a defendant may seek to have a judgment of non pros entered.  Pa. R. Civ. P. 1042.6.  In federal courts, a judgment of non pros is "the equivalent of a dismissal without prejudice;" as such, claims that are not time barred may be refiled.  Booker v. United States, 366 F.App'x 425, 427 (3d Cir. 2010), see also Bucci v. Detroit Fire & Marine Ins. Co., 167 A. 425, 427-28 (Pa. Super. Ct. 1933) (finding that a non pros judgment does not bar a plaintiff from filing a second claim against a defendant so long as the statute of limitations has not expired).  Plaintiff filed his second amended complaint on March 29, 2011, yet a certificate of merit was not filed until nearly six months later on September 7, 2011.[1]  (Doc. Nos. 17, 34.)

In spite of Plaintiff's failure to file a certificate of merit within the time called for by Rule 1042.3, the Court declines to dismiss this action on these grounds.  In the present matter, Defendant is alleging that Defendant Bohinski committed medical malpractice in the summer of 2010.  (Doc. No. 17.)  To that end, Pennsylvania's two-year statute of limitations for medical malpractice claims, would not serve to bar Plaintiff's claims until at least the summer of 2012.

---

[1] The Court notes that Plaintiff's certificate of merit, which states that a medical professional is unnecessary to prosecute his claim, precludes Plaintiff from introducing such evidence at trial.  See McCool v. Dep't of Corr. of Pa., 984 A.2d 565, 571 n.9 (Pa. Commw. Ct. 2009) (noting that where a plaintiff files a certificate of merit under subdivision (a)(3) that "the attorney is bound by the certification and, subsequently, the trial court shall preclude the plaintiff from presenting testimony by an expert on the questions of standard of care and causation" (quoting Pa. R. Civ. P. 1042.3(a)(3)).)

42 Pa. Cons. Stat. § 5524.  Accordingly, dismissal based on the untimely filing of the certificate of merit, which Plaintiff filed eight days after Defendant Bohinski raised the issue, would result in nothing more than the redocketing of the documents already filed in this case.  Such a result would provide no benefit to Defendant Bohinski and would only serve to delay this matter. Therefore, in as much as Plaintiff has raised a malpractice claim against Defendant Bohinski, the medical malpractice claim will not be dismissed.  See, e.g., Keybank Nat'l Ass'n v. Reidbord, No. 05-144, 2005 U.S. Dist. LEXIS 29936 (W.D. Pa. 2005) (accepting an untimely certificate of merit because the underlying claim could be timely refiled and dismissing the claim would amount to "needless paper shuffling").

IV.     **CONCLUSION**

  **ACCORDINGLY,** on this 6th  day of February 2012, **IT IS HEREBY ORDERED THAT** Magistrate Judge Blewitt's Report and Recommendation (Doc. No. 45) is **ADOPTED IN PART,** and Defendant Bohinski's Motion to Dismiss (Doc. No. 30) is **GRANTED** with respect to all Eighth Amendment claims.  The motion is **DENIED** as to the medical malpractice claims raised against Defendant Bohinski.  This case will be referred back to Magistrate Judge Blewitt for all further pre-trial proceedings.

      S/ Yvette Kane    

     Yvette Kane, Chief Judge

     United States District Court

     Middle District of Pennsylvania