IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS ROBLES, | : | |
|     Plaintiff | : | No. 1:10-cv-2663 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| J.J. CASEY, et al., | : | (Magistrate Judge Blewitt) |
|     Defendants | : | |

## MEMORANDUM

Before the Court are Defendants Davis, Jones, Casey, and Leskowsky's motion for summary judgment (Doc. No. 66); Defendant Bohinski's motion for summary judgment (Doc. No. 73), Magistrate Judge Blewitt's separate Report and Recommendations on each motion (Doc. Nos. 89, 92), and the objections of Plaintiff Carlos Robles thereto. (Doc. Nos. 90, 95.) For the reasons that follow, the Court will adopt both reports in their entirety.

## I. BACKGROUND

The lengthy factual and procedural background of this case is detailed in Magistrate Judge Blewitt's separate reports, and the Court need not reproduce it here. (Doc. Nos. 89, 92.) Plaintiff, an inmate at the State Correctional Institution at Dallas (SCI-Dallas), alleges that a chemical splashed into his eyes while working in the kitchen on July 25, 2010. (Doc. No. 15 ¶¶ 1-4.) Plaintiff then filed a Section 1983 action in the Court of Common Pleas of Luzerne County against several SCI-Dallas officials, including: Defendant Casey, Food Service Instructor at SCI-Dallas; Defendant Davis, former Food Service Manager at SCI-Dallas; Defendant Jones, Food Service Manager at SCI-Dallas; and, Defedant Leskowsky, Registered Nurse Supervisor at SCI-Dallas. This group of defendants is collectively referred to as the "Corrections Defendants." After the Corrections Defendants removed the action to this Court (Doc. No. 1), Plaintiff filed an

1

amended complaint adding Dr. Stanley Bohinski as a defendant, alleging that he failed to properly treat Plaintiff's pre-existing right-eye condition, and that he failed to properly treat his eye injuries following the July 25, 2010 incident. (Doc. No. 17.)

At this stage, the following claims remain pending in this lawsuit: (1) Plaintiff's medical malpractice state law claims against Defendant Bohinksi (Doc. No. 89 at 27); (2) Plaintiff's failure-to-protect claims against Defendants Davis and Jones (Doc. No. 92 at 4); (3) Plaintiff's denial of proper medical care claim against Defendant Leskowsky (Id.); and (4) Plaintiff's state-created danger claim against Defendant Casey (Id.).

Defendant Bohisnki and the Corrections Defendants each moved for summary judgment on all of Plaintiff's respective claims. (Doc. Nos. 66, 73.) Magistrate Judge Blewitt recommends that the Court grant summary judgment in favor of Defendant Bohinksi and the Corrections Defendants. (Doc. Nos. 89, 92.) Plaintiff has filed objections to each report. (Doc. Nos. 90, 95.) The Court will thus conduct a de novo review of the portions of each report to which Plaintiff objects. See 28 U.S.C. § 636(b)(1).

## II. STANDARD OF REVIEW

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is material if it might affect the outcome of the suit under the applicable law, and it is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). At summary judgment, the inquiry is whether the evidence presents a sufficient

disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.  Id. at 251-52.  In making this determination, the Court must "consider all evidence in the light most favorable to the party opposing the motion."  A.W. v. Jersey City Pub. Sch., 486 F.3d 791, 794 (3d Cir. 2007).

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact.  Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004).  Once the moving party has shown that there is an absence of evidence to support the non-moving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument."  Berckeley Inv. Grp.. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is warranted.  Celotex, 477 U.S. at 322.  With respect to the sufficiency of the evidence that the non-moving party must provide, a court should grant summary judgment where the non-movant's evidence is merely colorable, conclusory, or speculative.  Anderson, 477 U.S. at 249-50.  There must be more than a scintilla of evidence supporting the non-moving party and more than some metaphysical doubt as to the material facts.  Id. at 252; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Further, a party may not defeat a motion for summary judgment with evidence that would not be admissible at trial.  Pamintuan v. Nanticoke Mem'l Hosp., 192 F.3d 378, 387 (3d Cir. 1999).

The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide

that any party may file written objections to a magistrate's proposed finding and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which specific objections are made. 28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3.

## III. DISCUSSION

Magistrate Judge Blewitt wrote separately on the Corrections Defendants' and Defendant Bohinski's motions for summary judgment. (Doc. Nos. 89, 92.) The Court will follow suit.

### A. Defendants Davis, Jones, Casey, and Leskowsky (Corrections Defendants)

Plaintiff's remaining claims against the Corrections Defendants are as follows: (1) Plaintiff's failure-to-protect claim against Defendants Davis and Jones arising out of the July 25, 2010 incident; (2) Plaintiff's state-created danger claim against Defendant Casey arising out of the July 25, 2010 incident; and (3) Plaintiff's denial of proper medical care claim against Defendant Leskowsky arising from his treatment of Plaintiff's pre-existing eye condition and injuries suffered as a result of the July 25, 2010 eye incident. (Doc. No. 92 at 4.) The Court will examine each claim in turn, conducting a de novo review of the portion of the report to which Plaintiff objects.[1]

---

[1] The Court notes that Magistrate Judge Blewitt accepted the Defendant's Statement of Facts (Doc. No. 68) which were not disputed by the admissible evidence as true because Plaintiff failed to properly deny them pursuant to Local Rule 56.1. (Doc. No. 92 at 5.) Although Plaintiff's failure to properly respond would normally mean that Defendant's Statement of Facts would be accepted as undisputed to the extent they did not conflict with admissible evidence, the

4

### 1. Plaintiff's failure-to-protect claims against Defendants Davis and Jones.

With respect to Plaintiff's failure-to-protect claims against Defendants Davis and Jones, Magistrate Judge Blewitt recommends that the Court grant summary judgment in their favor because (1) Plaintiff failed to exhaust his administrative remedies against Defendants Davis and Jones, or, in the alternative, because (2) Plaintiff failed to produce any evidence allowing a reasonable factfinder to conclude that Defendants Davis and Jones were deliberately indifferent toward Plaintiff's substantial risk of harm from the chemical. (Id. at 33, 53.)

#### a. Administrative Exhaustion

Magistrate Judge Blewitt recommends that Plaintiff's failure-to-protect claims against Defendants Davis and Jones be dismissed because Plaintiff failed to properly exhaust his administrative remedies against Defendants Davis and Jones by identifying them in his grievance. (Id. at 33.) Plaintiff objects, arguing that the Pennsylvania Department of Corrections (DOC) policy's instruction that "[t]he inmate should identify any persons who may have information that could be helpful in resolving the grievance" is not mandatory language, meaning that Plaintiff properly exhausted his claims against Defendants Davis and Jones even though he failed to identify them in the grievance. (Doc. No. 95 at 6.)

The Prison Litigation Reform Act of 1995 ("PLRA"), as amended 42 U.S.C. § 1997e, requires inmates to exhaust their claims through an administrative grievance process before

---

rule is relaxed for pro se litigants. Jordan v. AllGroup Wheaton, 218 F. Supp. 2d 643, 646 n.2 (D.N.J. 2002); see also Stringer v. The Pittsburgh Police, 408 F. App'x. 578, 581 (3d Cir. 2011). Accordingly, the Court will review the entire record instead of relying solely on Defendants' statement of facts as undisputed. This does not mean, however, that the Court will rely on Plaintiff's submission of inadmissible hearsay statements in opposition to Defendants' motions. Shelton v. Univ. of Med. & Dentistry of N.J., 223 F.3d 220, 223 n.2 (3d Cir. 2000).

seeking redress in federal court, meaning that inmates must comply with internal grievance procedures before filing federal lawsuits. Jones v. Bock, 549 U.S. 199, 211 (2007). There are three stages in the Pennsylvania DOC review process: (1) initial review, which addresses the inmate's grievance; (2) the first appeal from the initial review; and (3) the second and final appeal to the Secretary's Office of Inmate Grievances and Appeals. Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir. 2004). An inmate's failure to name a key individual in his grievance generally results in procedural default for any potential claims against that individual; however, his failure may be excused when the responding grievance officer identifies the individual at issue in his initial review response, id. at 234, or, when an inmate can explain why it was not "practicable" to name the individual in his initial grievance, Chimenti v. Mohadjerin, No. 01-273, 2008 WL 2551603, at *5 (M.D. Pa. June 4, 2008).

After reviewing Plaintiff's objections and the record evidence, the Court finds that Magistrate Judge Blewitt correctly concluded that Plaintiff's claims against Defendants Davis and Jones are procedurally defaulted because he failed to name them in his prison grievance. (Doc. No. 92 at 33.) Although Plaintiff makes a plausible argument that "should" is not mandatory language, the United States Court of Appeals for the Third Circuit has stated that the procedural requirement that inmates identify specific persons relevant to the claim "is mandatory, or nearly so." Spruill, 362 F.3d at 234. In other words, to the extent that the individual's identity is a fact relevant to the claim, the inmate is required to include it in his grievance, or, in the alternative, offer an explanation for his failure to include the information in his original claim. Id.; see also Williams v. Penn. Dep't of Corrections, 146 F. App'x 554, 557, (3d Cir. 2005); Hemingway v. Ellers, No. 07-1764, 2008 WL 3540526, at *11 (M.D. Pa. Aug.

6

12, 2008).

Here, the Court finds that Defendants Davis and Jones' identities are facts relevant to his claims, and as neither Plaintiff's initial grievance nor the subsequent responses or appeals make mention of Defendants Davis and Jones, and Plaintiff does not explain why it was not practicable to name them in his initial grievance, Plaintiffs' claims against these two Corrections Defendants are procedurally defaulted. See Spruill, 362 F.3d at 234. Accordingly, the Court adopts Magistrate Judge Blewitt's finding that Plaintiff's claims against Defendants Davis and Jones should be dismissed because Plaintiff failed to exhaust his administrative remedies (Doc. No. 92 at 33), and overrules Plaintiff's objections thereto.

      **b.**      **Deliberate Indifference**

Magistrate Judge Blewitt also recommends that Plaintiff's failure-to-protect claims against Defendant Davis and Jones be dismissed because Plaintiff has failed to produce any evidence that they acted with deliberate indifference regarding any serious risk of harm caused by the cleaning chemical to Plaintiff.[2] (Id. at 52-53.) Plaintiff objects, arguing that Defendants Davis and Jones ignored the DOC policies regarding the use of kitchen chemicals, and therefore they actively contributed to Plaintiff's injury and can be held liable on a failure-to-protect claim. (Doc. No. 95 at 8.) The Court will review this portion of Magistrate Judge Blewitt's report de novo.

---

[2] The Court has adopted Magistrate Judge Blewitt's finding that Plaintiff failed to exhaust his administrative remedies against Defendants Davis and Jones, and thus his claims should be dismissed. In the interest of completeness, however, the Court will also review Magistrate Blewitt's alternative recommendation that Plaintiff's claims against Defendants Davis and Jones be dismissed because Plaintiff has failed to show that Defendants were deliberately indifferent regarding any serious risk of harm caused by the cleaning chemical to Plaintiff. (Doc. No. 92 at 48.)

7

To establish a failure-to-protect claim, an inmate must demonstrate that: (1) he is incarcerated under conditions posing a substantial risk of harm; and (2) the prison official acted with "deliberate indifference" to his health and safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference occurs when a prison official is subjectively aware of and disregards an excessive risk to the inmate's health and safety, Beers-Capitol v. Wetzel, 256 F.3d 120, 131 (3d Cir. 2001), meaning that a plaintiff must show "more than [an] ordinary lack of due care for the prisoners' interests or safety," Farmer, 511 U.S. at 835.

On review of the record in the light most favorable to Plaintiff, the Court finds that Plaintiff has not presented evidence demonstrating that a reasonable factfinder would be able to find that Defendants Davis and Jones were deliberately indifferent toward Plaintiff's health and safety. The Court observes that neither Defendant Jones nor Davis was working in the kitchen on July 25, 2010, the date of the alleged chemical splash incident. (Doc. No. 69 at 94, 107.) Moreover, neither Defendant Davis nor Jones personally instructed Plaintiff to use the disinfectant which allegedly caused the chemical splash incident. (Id.) Accordingly, Plaintiff has failed to present evidence tending to show that Defendants Davis and Jones were deliberately indifferent.[3] The Court therefore adopts Magistrate Judge Blewitt's finding that the Court should enter summary judgment in Defendants Davis and Jones' favor, and overrules Plaintiff's objections thereto.

> **2.** **Plaintiff's State-Created Danger Claim against Defendant Casey**

---

[3] Although Plaintiff alleged that Defendants Davis and Jones were aware of prior incidents in which Plaintiff was required to use hazardous cleaning chemicals without safety gear, he has not presented evidence to substantiate those allegations. Such unsubstantiated allegations cannot be taken into account at the summary judgment stage.

Magistrate Judge Blewitt recommends that the Court enter summary judgment in favor of Defendant Casey because Plaintiff has not substantiated his state-created danger claim with admissible evidence. (Doc. No. 92 at 53.) Plaintiff objects, arguing that Magistrate Judge Blewitt erred in construing Defendant's Statement of Material Facts as undisputed,[4] and that he has presented arguments and facts that clearly establish Defendant Casey's conduct with respect to the chemical at issue constituted a state-created danger. (Doc. No. 95 at 7.)

To establish a state-created danger claim, a plaintiff must show: (1) the harm ultimately caused was foreseeable and fairly direct; (2) a state actor acted with a degree of culpability that "shocks the conscience;" (3) the plaintiff was a foreseeable victim of the defendant's acts; and (4) a state actor affirmatively used her authority in a way that created danger, or, rendered the citizen more vulnerable to danger. Kaucher v. Cnty. of Bucks, 455 F.3d 418, 431 (3d Cir. 2006). Submitting evidence of negligence on the part of the state actor is not sufficient to survive summary judgment on a state-created danger claim. See id. at 435-36.

Viewing the record evidence in the light most favorable to the non-moving party, the Court finds that Plaintiff has failed to make a required showing on each of the required elements. First, Plaintiff has not presented evidence indicating that the alleged harm he suffered on July 25, 2010 was foreseeable and fairly direct, or that Defendant Casey was subjectively aware of the potential for the harm eventually suffered by Plaintiff. Second, Plaintiff's evidence indicates, at best, that Defendant Casey was negligent in instructing him to mix the "red liquid" in the bucket.

---

[4] As discussed supra, the Court will consider the entire record when conducting its de novo review of the portions of the report to which Plaintiff filed objections, and therefore overrules at the outset Plaintiff's objection to Magistrate Judge Blewitt's treatment of the Defendants' Statement of Facts as undisputed.

(Doc. No. 69 at 17-18.) Accordingly, the Court finds that Defendant Casey did not act with a degree of culpability that "shocks the conscience." See Schieber v. City of Phila., 320 F.3d 409, 419 (3d Cir. 2003). With respect to whether Plaintiff was a foreseeable victim, thus satisfying the third element of the state-created danger doctrine, the Court finds that Plaintiff, having worked previously in the kitchen without incident, was not a foreseeable victim of the harm he allegedly suffered. (Doc. No. 69 at 14-15, 32.) Finally, concerning the fourth element, the Court finds that Plaintiff has not submitted evidence sufficient to demonstrate that Defendant Casey affirmatively acted to create danger, or, rendered Plaintiff more vulnerable to danger. (Doc. No. 69 at 19.) At best, Defendant Casey was negligent in failing to provide Plaintiff with safety equipment or instructing him on the proper use of the chemical after giving him the bucket containing the chemical. (Id. at 34-35.) Plaintiff himself admits that the process by which he spilled the chemical into his eye "was an accident that could happen to anybody." (Id. at 35.) Given that Plaintiff must present evidence that Defendant Casey affirmatively acted to place Plaintiff in harm, Bright v. Westmoreland Cnty., 443 F.3d 276, 282 (3d Cir. 2006), the Court finds that Plaintiff has not presented evidence allowing a reasonable factfinder to conclude that Defendant Casey's actions "affirmatively" placed Plaintiff in danger.

The Court is satisfied that Magistrate Judge Blewitt correctly determined that Plaintiff failed to present evidence sufficient to survive Defendant Casey's motion for summary judgment. (Doc. No. 92 at 48.) The Court therefore adopts Magistrate Judge Blewitt's recommendation that summary judgment be entered in favor of Defendant Casey, and overrules Plaintiff's objections thereto.

### 3. Plaintiff's Denial of Proper Medical Care Claim against Defendant Leskowsky

Magistrate Judge Blewitt recommends that summary judgment be entered in Defendant Leskowky's favor, because Plaintiff has not submitted evidence allowing a reasonable factfinder to find that Defendant Leskowsky was deliberately indifferent to Plaintiff's serious medical needs arising either before or after the July 25, 2010 incident. (Doc. No. 92 at 53.) Plaintiff objects, arguing that he has set forth "clear and undeniable" claims entitling him to a jury trial against Defendant Leskowsky, but he does not support his objections with legal analysis or admissible evidence. (Doc. No. 95 at 8.)

In order to prevail on a denial of proper medical care claim, a claimant must show that prison officials were deliberately indifferent to his serious medical needs, such as when prison officials intentionally delay or deny access to medical care. Estelle v. Gamble, 429 U.S. 97, 104-06 (1976). Negligence or an inadvertent failure to provide care is not sufficient. Id. In other words, medical malpractice does not become a constitutional violation merely because the victim is an inmate. Id. at 106.

Here, the record evidence viewed in the light most favorable to Plaintiff indicates that Defendant Leskowsy never personally treated or spoke to Plaintiff.[5] (Doc. No. 69 at 110 ¶ 2, 114 ¶ 10.) Furthermore, the record does not contain any evidence that Defendant Leskowsky denied Plaintiff proper medical care, or acted with deliberate indifference to Plaintiff's health and safety. Following the July 25, 2010 incident, Plaintiff was immediately taken to the prison infirmary and thereafter ambulated to the Wilkes-Barre General Hospital for further treatment. (Id. at 116-119.) Accordingly, the evidence indicates that Defendant Leskowsky, inasmuch as

---

[5] Plaintiff appears to have sued Defendant Leskowsky because "all of them work in the same union there." (Doc. No. 69 at 46.)

11

he supervised the SCI-Dallas medical staff responding to Plaintiff's injuries during the July 25, 2010 incident, was not deliberately indifferent to Plaintiff's serious medical needs by consciously disregarding a substantial risk to Plaintiff's health and safety. (Id. at 114 ¶ 7, 115 ¶ 11.) Accordingly, the Court will adopt Magistrate Judge Blewitt's recommendation that summary judgment be entered in favor of Defendant Leskowsky (Doc. No. 92 at 53), and overrules Plaintiff's objections thereto.

### B. Defendant Bohinski

In a separate report, Magistrate Judge Blewitt recommends that the Court grant summary judgment in Defendant Bohinski's favor on Plaintiff's medical malpractice state law claims. (Doc. No. 89.) Plaintiff filed objections to Magistrate Judge Blewitt's report (Doc. No. 90), and therefore the Court will review the portion of the report to which Plaintiff objects de novo. 28 U.S.C. § 636(b)(1).

#### 1. Certificate of Merit

Magistrate Judge Blewitt recommends that the Court grant summary judgment in Defendant Bohinski's favor, as Plaintiff cannot present any expert testimony supporting his medical malpractice claims because he filed a certificate of merit (COM) confirming he would not need expert testimony. (Doc. No. 34, Doc. No. 89 at 30.) In the alternative, Magistrate Blewitt recommends that summary judgment be granted in Defendant Bohinski's favor because there are no genuine disputes of material fact concerning Plaintiff's receipt of adequate medical care. (Doc. No. 89 at 30.) Plaintiff objects to Magistrate Judge Blewitt's conclusion that he would need to support his claims with expert testimony, arguing that laypersons could reasonably conclude that Defendant Bohinksi's conduct constituted medical malpractice. (Doc.

12

No. 90.)

The substantive law of Pennsylvania governs Plaintiff's state law claims against Defendant Bohinski, because the Court has supplemental jurisdiction over his claims pursuant to 28 U.S.C. § 1367(a).[6] In order to present a prima facie case of medical malpractice under Pennsylvania law, a plaintiff must present expert opinions that the alleged act or omission of the defendant physician fell below the appropriate standard of care in the community and caused the injuries for which recovery is sought. Toogood v. Rogal, 824 A.2d 1140, 1145 (Pa. 2003). The "very narrow" exception to this requirement is when the "lack of skill or care is so obvious" as to be within the range of experience and comprehension of non-professional persons, such as in cases of res ispa loquitur. Hightower-Warren v. Silk, 698 A.2d 52, 54 n.1 (Pa. 1997). Accordingly, any medical malpractice claim must be accompanied by a certificate of merit (COM) filed within sixty days of the filing of the original complaint indicating whether or not expert testimony is necessary. Pa. R. Civ. P. 1042.3(a)(1). This rule applies to both pro se and represented plaintiffs and constitutes a rule of substantive state law with which plaintiffs in federal court must comply. See Cashwell v. United States, No. 09-728, 2009 WL 2929444, at *4 (M.D. Pa. Sept. 8, 2009).

On review of the record evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff's medical records indicate that he was diagnosed with bilateral pterygium in his right eye on June 24, 2003, and it was regularly monitored thereafter. (Doc. No. 76-3 at 14-18.) After consultation with an outside ophthalmologist on December 17, 2009 (id. at 24), Plaintiff

---

[6] The certificate of merit requirement is substantive state law, and must be applied as such by federal courts in diversity actions. See Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 264-65 (3d Cir. 2011).

was scheduled for non-emergent excision of the pterygium on July 14, 2010, and it was removed without incident.[7] (Id.) With respect to Plaintiff's claim that Defendant's treatment of his eye injury following the chemical spill incident on July 25, 2010 constitutes medical malpractice, the record shows that Plaintiff was immediately taken to the infirmary after the July 25, 2010 incident where his right eye was flushed with sterile eye wash, and a moist sterile dressing was applied to his eye. (Id. at 32.) Plaintiff was then ambulated to the Emergency Room at Wilkes-Barre General Hospital, where he received further treatment.[8] (Id. at 34-35.)

Without expert testimony, the Court finds that laypersons could not conclude that Defendant Bohinski's treatment of Plaintiff's pytergium, or his treatment of Plaintiff's alleged eye injury following the July 25, 2010 incident, constituted medical malpractice. Accordingly, this case does not present the "narrow exception" where expert testimony would not be necessary to prove medical malpractice. Toogood, 824 A.2d at 1145. After reviewing the record evidence, the Court is satisfied that Magistrate Blewitt did not err in concluding that Plaintiff would need expert testimony to prevail on his medical malpractice claims. The Court therefore adopts Magistrate Judge Blewitt's report (Doc. No. 89) in its entirety, and overrules Plaintiff's objections thereto.

## IV. CONCLUSION

The Court is satisfied that Magistrate Judge Blewitt correctly determined that the Court

---

[7] As the result of scheduling issues, Plaintiff's non-emergent excision of the right eye pytergium was rescheduled for August 20, 2010, and it was performed without incident. (Doc No. 76 at 5-6.)

[8] After returning to SCI-Dallas, medical staff treated Plaintiff's right eye irritation with the prescribed ointment, eye patch, and anti-inflammatory and antibiotic medication. (Doc. No. 76-3 at 50.)

should grant summary judgment in the Corrections Defendants' favor (Doc. No. 92), and that the Court should grant summary judgment in Defendant Bohinski's favor (Doc. No. 89). An order consistent with the memorandum follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CARLOS ROBLES,  :
    Plaintiff  :    No. 1:10-cv-2663
  :
v.  :    (Chief Judge Kane)
  :
J.J. CASEY, et al.,  :    (Magistrate Judge Blewitt)
    Defendants  :

## ORDER

**AND NOW**, on this 25th day of January 2013, **IT IS HEREBY ORDERED THAT:**

1. Magistrate Judge Blewitt's Report and Recommendations (Doc. No. 89, 92) are **ADOPTED**;

2. Plaintiff's objections (Doc. No. 90, 95) are **OVERRULED**;

3. Defendant Bohinski's motion for summary judgment (Doc. No. 73) and Defendants Davis, Jones, Casey, and Leskowsky's motion for summary judgment (Doc. No. 66) are **GRANTED**; and,

4. The Clerk of Court is directed to close the case.

    S/ Yvette Kane
    Yvette Kane, Chief Judge
    United States District Court
    Middle District of Pennsylvania